## SULLIVAN-SANFORD LUMBER COMPANY v. C. A. REEVES.

Decided January 13, 1910.

**1.—Deed—Condition Subsequent—Impossibility of Performance.**

A condition subsequent (that a railroad should be built and operated on the right of way granted by the deed to a lumber company) was not rendered ineffective to avoid the conveyance by the fact that the grantee had no power to build or operate anything but a lumber tramway. Such condition was not rendered unreasonable or impossible of performance because the grantee itself could not perform it. Its contract bound it to secure performance, though that could only be done by another corporation organized with adequate powers.

**2.—Deed—Condition—Avoidance—Return of Consideration.**

One seeking to recover land conveyed by him upon condition subsequent avoiding the deed on failure to comply, was under no obligation to return the cash consideration received. Neither was it necessary to cancel the deed. His right to recover back the land on noncompliance was given by and in accordance with the terms of the deed itself.

ON MOTION FOR REHEARING.

**3.—Deed—Condition—Difficulty of Performance.**

The fact that a condition to be performed by the grantee under penalty of making void the conveyance to him is difficult or expensive, or can only be performed by another, will not excuse him. To have this effect the act must be impossible or unlawful for any one to perform.

**4.—Deed—Condition—Executory Contract.**

A deed conveying land for and so long as used as the right of way of a railroad, with a condition avoiding it if the road was not constructed and operated thereon within two years, was an executory contract, and did not vest title in the grantee till the condition was performed. This not being done in the stipulated term, the grantor could recover back the land, though the condition were one impossible of performance.

**5.—Error—Assignment.**

That the judgment did not allow defendant sufficient time to remove its improvements (a tramway) from the land recovered by plaintiff, if error, was not reversible on appeal unless assigned as such.

**6.—Certifying Question.**

The appellate court will decline to certify a question to the Supreme Court, on affirmance of the judgment below, appellant having adequate remedy by application for writ of error.

Appeal from the District Court of Morris County. Tried below before Hon. P. A. Turner.

*Chas. S. Todd,* for appellant.—That plaintiff must tender back the purchase money received. Thomas v. Beaton, 25 Texas Supp., 321; Coddington v. Wells, 59 Texas, 50; Tom v. Wollhoeffer, 61 Texas, 281; Fitzhugh v. Franco-Texas Land Company, 81 Texas, 314; Kauffman v. Brown, 83 Texas, 47; Evans v. Bentley, 9 Texas Civ. App., 112; Stringer v. Keokuk, Mt. P. & N. Ry. Co., 13 N. W., 308.

The deed passed the title to the Sullivan-Sanford Lumber Company, subject to a condition subsequent, the breach of which would not operate a forfeiture, but would give a right to specific performance or ground for damages. 6 Am. & Eng. Ency. Law, p. 503, and cases cited; Chute v. Washburn, 46 N. W., 555; Smith v. Jewett, 40 N. H., 530; Stringer v. Keokuk, Mt. P. & N. Ry. Co., 13 N. W., 308.

The condition subsequent in this deed is unreasonable and impossible of legal performance, because the Sullivan-Sanford Lumber Company is a private corporation and could not, under the laws and public policy of Texas, either charter or operate, or cause to be chartered or operated, a railroad as a common carrier and public highway in Texas, and such condition in said deed is contrary to law and public policy, and the condition is void, but the conveyance is good and absolute. Rev. Stats., art. 642, secs. 28, 665, 4350a; 6 Am. & Eng. Ency. Law, pp. 594-596; 2 Wash., Real Property, pp. 3-8; 2 Devlin on Deeds, secs. 959-961; Pomeroy, Spec. Performance, 280 et seq.; Patterson v. Donner, 48 Cal., 369.

*Hart, Mahaffey & Thomas,* for appellee.—The condition was precedent to the vesting of title. If the condition was subsequent and not precedent, it was valid, in that it was possible of performance, was not contrary to law, was not repugnant to the nature of the estate, and was not rendered impossible of performance by the grantors. Wiederanders v. State, 64 Texas, 139; 1 Cooley's, Blackstone, B. 2, pp. 557-8 and 560-1; 6 Am. & Eng. Ency. Law (2d ed.), pp. 451 and 470.

HODGES, Associate Justice.—The appellant is a private cor-

poration, and owns and operates a sawmill in Naples, Morris County. It also owns a tramroad, or, as it is sometimes called, a railroad, extending from its mill some distance in the country, passing over the appellee's land, which is used by it for the purpose of transporting logs and timber from the forest to the mill. Some time during the year 1906 a controversy arose between the appellant and the appellee concerning the right of way for this tramroad over the land of the appellee, the road being at the time in process of construction. After procuring a writ of injunction restraining the further construction of the road, the appellee finally agreed to and did convey the right of way in consideration of the payment of $500 and certain other stipulations mentioned in the deed of conveyance. The material portions of that conveyance are as follows:

"Know all men by these presents, That we, C. A. Reeves and ———— Reeves, husband and wife, both of said Morris County, Texas, for and in consideration of the sum of ($500) Five Hundred Dollars to us in hand paid, the receipt of which is hereby acknowledged, by the Sullivan-Sanford Lumber Company, a private corporation, have bargained, sold and conveyed by these presents do bargain, sell and convey unto the said Sullivan-Sanford Lumber Company for the purpose of a right of way for its railroad the following described tract of land, to wit: (Description omitted.) To have and to hold the same unto the said Sullivan-Sanford Lumber Company, its successors and assigns so long as the same may be used as a right of way for a railroad. This conveyance, however, is made upon the consideration and with the understanding that a railroad shall within two years from the date of this instrument be chartered and incorporated under the laws of the State of Texas, and will construct and operate a line of railroad over, on and along said right of way, and should no such railroad be incorporated within two years from the date hereof or should it fail to construct and operate a railroad across the same within two years from the date hereof, then this conveyance is to be void."

This suit was instituted by the appellee during the year 1908, for the purpose of recovering the strip of land occupied by the right of way, the petition alleging that none of the conditions upon which the grant had been made, except the payment of the $500, had been complied with, and that by the terms of the deed above referred to he was entitled to recover possession of the land.

The testimony was undisputed that no railroad company authorized to engage in the business of a common carrier under the laws of this State had been incorporated to operate over this right of way; that the tramroad which the appellant had constructed was being used solely for the purpose of conveying timber from the forest to its mill at Naples. Reeves testified that he was in California when the appellant commenced grading its track over his land; that he had not given permission, and objected to their going over his land, and finally secured an injunction to that effect; that he finally consented that appellant should build its tramroad over his land if it would construct a railroad track. By a railroad track he meant a regular passenger road for carrying freight and passengers. He stated that

the appellant now had what he called a "tramroad" across his land; they do not haul passengers or freight for the public, and have no depot or agent at Naples or anywhere else on the track. The road is used by the mill people. That the appellant promised that a rail road would be built. The road runs a little over 4000 feet through his land. The right of way, is not fenced, nor are there any crossings or cattle-guards put in. He also stated that at the time he objected to the construction of the road the appellant was building a road for the purpose of hauling logs; that it was merely a log road; that it was not building a trunk line railroad.

The appellee offered in evidence the abandoned pleading of the appellant, in which appears substantially the following statements: That the appellant in 1906 began the construction of its road over the appellee's land, under the impression that it had a license from the appellee to do so; that upon his objection to its proceeding a settlement was made by which the appellant agreed to pay him $500; that the sum of $500 was paid and accepted, and that it is far more than the land is actually worth. After the settlement was agreed on, but before the deed was executed, Reeves insisted that a clause should be inserted in the deed providing that defendants should charter and incorporate a railroad over said land within two years, and refused to sign the deed without such provision; that it, appellant, had a mill plant and timber in which it had a large amount of money invested, and unless it could haul its logs over said road its mill could not operate, and that Reeves took advantage of that situation to demand and exact exorbitant terms from it; that there was no consideration whatever for such requirement to charter and incorporate a railroad, as he, the appellee, well knew, the defendant being at the time a private manufacturing corporation and having no right or power under the laws of Texas to so incorporate and construct or operate a railroad as a public highway and common carrier; and alleges that such condition was capricious, unreasonable, illegal, impossible of performance, and void; that it consented to the same only because the exigency of the situation required that appellant should use said road or abandon its mill, as there was no other way to get out its timber without going through plaintiff's land. It is also alleged that at the time of the conveyance from the appellee certain parties named were contemplating and endeavoring to organize a railroad to run from Naples, Texas, to Clarksville, Texas, and that appellant believed that such railroad company would be organized and would by lease or otherwise take over the appellant's mill road between Naples and Sulphur River, and that such road would be chartered and operated within two years; that the parties referred to went so far as to subscribe in good faith for stock and prepare an application for a charter for a railroad to be called the Naples and Sulphur River Road, to run along said route, but by reason of the occurrence of a great financial panic and great stringency in money matters the project was abandoned. This testimony was not contradicted in any particular.

The court gave a peremptory instruction to return a verdict for the appellee. The appellant contends that this was error, and con-

tends that the deed in question passed the title to the appellant lumber company encumbered only with a condition subsequent, the breach of which would not operate as a forfeiture, but would give a right to specific performance, or grounds for damages. It is also insisted that the condition is unreasonable and impossible of performance because the appellant company is a private corporation and could not under the laws and public policy of Texas, either charter or operate, or cause to be chartered or operated, a railroad as a common carrier, and such condition is contrary to law and public policy and is void; but that the conveyance is good and absolute. It will be observed that the appellant relies practically upon the proposition that the condition incorporated in the deed from Reeves to it was a condition subsequent, and that, being impossible of performance, it was void, and the appellant therefore took an absolute conveyance to the right of way.

Admitting that the restrictions imposed in the deed amounted to a condition subsequent, it does not follow that it was void as being impossible of performance. It could not be considered an impossibility for a railroad to be incorporated under the laws of Texas for the purpose of operating over the line in question within two years from the date of this deed. It might be true that the appellant itself would not under its then existing charter provisions be able to operate a railroad such as was contemplated by the deed, but that was not the condition. The consummation of the organization which its abandoned answer shows the appellant contemplated would be perfected when the conveyance was agreed to and accepted, would have been a full compliance with the conditions embodied in the deed had this proposed company operated the road. The appellant might have leased or sold the right of way to any railway corporation chartered under the provisions of the laws of Texas. The simple fact that the party who undertakes the performance of an engagement may alone be unable to make compliance does not render the condition void as being impossible of performance. If it did, all any obligor would be required to do in order to escape a forfeiture where he took a conveyance with such conditions, would be to show that he was himself unable to accomplish his undertaking. It is well known that promoters, generally a private individual, having in view the construction and operation of railway companies and lines, in this State frequently secure grants of right of way. They themselves are unable to incorporate as railway companies and perform the duties of a common carrier as a corporation without the cooperation of others, and they take upon themselves the obligation to procure this cooperation and assistance to the extent that this may be necessary in executing the undertaking. Few contracts are made which do not involve the employment of other agencies not subject to the control of the contracting parties. We do not think that the condition embodied in this deed belonged to that class which became void by reason of impossibility of performance. It was one which the grantor had a right to impose, and had a right to insist upon compliance with. The deed provided that in the event it was not complied with within two years

the estate conveyed should cease and determine. This was not done, and appellee had a right to his land.

Under the terms of this grant the appellee was not required to tender back the $500 he had received. By the construction of the road he had sustained a damage, and the appellant had enjoyed a benefit during the two years it had used the right of way. It might also have prolonged its easement by performing the conditions.

While the petition in this case asked for a cancellation of the deed, the facts relied upon showed no such right, and the suit should properly be considered one to recover possession of the land. The deed, instead of operating as an impediment to the recovery of the land by the appellee, was an evidence of his right.

It is unnecessary, we think, to discuss the remaining assignments of error, and the judgment is accordingly affirmed.

### ON MOTION FOR REHEARING AND TO CERTIFY CASE.

In considering the motion of the appellant · for a rehearing in this case we have extended our investigations for the purpose of testing the correctness of the grounds upon which the appeal was disposed of. We find the conclusion reached sustained by the following authorities: Klauber v. San Diego, etc., Co., 95 Cal., 358, 30 Pac., 555; Sample v. Fresno Co., 129 Cal., 228, 61 Pac., 1086 (affirming above case); The Harriman v. Emerick, 9 Wall., 175, 19 L. Ed., 629; Jacksonville, M. P. Ry. Co. v. Hooper, 160 U. S., 528, 40 L. Ed., 524; Simpkins on Contracts, 243, and cases cited. In the case first above referred to the court says: "The obligor contracts that he can and will control the acts of third parties, so far as necessary to enable him to perform his contract. People v. Bartlett, 3 Hill, 570. Nor would it be a defense that the law has rendered it difficult or very expensive to perform. The rule is, if performance is in itself possible, there is a breach, although the obligor himself may have become wholly unable to perform. The suit to foreclose the mortgage against the property of defendant did not render performance impossible; defendant could have paid the claim or given security, and have had the receiver discharged. 'To warrant the application of the principle, the impossibility must consist in the nature of the thing to. be done, and not in the inability of the party to do it; or, as it is sometimes termed, be an *impossibilitas rei,* as distinguished from an *impossibilitas facti.* If the thing could be accomplished by anyone · with proper means and the requisite skill and knowledge, the promisor was not less answerable because it was impossible to him.' Hare, Cont., 639. 'The principle deducible from the authorities is that if what is agreed to be done is possible or lawful, it must be done. Difficulty or improbability of accomplishing the undertaking will not avail the defendant. It must be shown that the thing can not by any means be effected. Nothing short of this will excuse nonperformance.' "

Upon a further consideration of the language employed in the deed we have also reached the conclusion that the instrument evidences an executory contract, and that the title to the permanent right of way

would not pass to the appellant till it had performed, or procured the performance of, all it had thereby undertaken as a part of the consideration or conditions of the conveyance. The language of the deed makes it clear that the grantor did not intend that the conveyance should vest title to a permanent easement unless a railroad operating as a common carrier was at the end of two years incorporated and operated over this particular strip of land. It is a matter of common knowledge that the location and operation of a railroad upon, or in the vicinity of, a tract of land frequently adds much to its value, and that the advantage thus obtained is often the only consideration exacted by landowners for the grant of a right of way for railroads. The grantor in this deed seems to have had that benefit in view when he executed this conveyance. He says: "This conveyance, however, is made upon the consideration and with the understanding that a railroad shall within two years from the date of this instrument be chartered and incorporated under the laws of the State of Texas, and will construct and operate a line of railroad over, on, and along said right of way; and should no such railroad be incorporated within two years from the date hereof, or should it fail to construct and operate a railroad across the same within two years from the date hereof, then this conveyance is to be void." It would be difficult indeed to use language more clearly indicating the purpose of the grantor to make the vesting of title to the permanent right of way contingent upon the performance of this last mentioned stipulation. The incorporation and operation of the railroad was expressly denominated a part of the consideration, and the benefits to be derived from it must be regarded as a part of the inducement which led him to make the conveyance in question; in fact, the evidence shows that without the incorporation of that stipulation he had positively refused to execute the conveyance. That the incorporation and operation of a railroad performing the duties of a common carrier over this right of way was one of the substantial undertakings embodied in this contract admits of no doubt whatever. While the terms of the instrument did not bind the appellant company to itself become such carrier, it did make the conveyance contingent upon one being provided. A failure to perform this undertaking was a failure to comply with the obligations assumed in entering into the contract, and justified the other party in demanding a rescission. 2 Warville on Vendors, secs. 828, 841; McKelvain v. Allen, 58 Texas, 387; Anderson v. Silliman, 92 Texas, 568, 50 S. W., 579. If the contract be regarded as executory, then it is immaterial whether the condition be possible or impossible of performance; for until it was performed no legal title passed to the grantee. It had only an equity which might by a complete performance of its undertaking be converted into a legal title thereafter. The rights of the appellee did not depend upon a forfeiture for the nonperformance of a condition assumed by the appellant, but his title was never in fact devested by the performance of an essential obligation on the part of the appellant, which was, as we think, a condition precedent. The reservation of a lien in a sale of real estate is no more effective in making such a deed an executory contract than the language used

in this instance. The terms of this show that the grantor reserved the right of reclaiming the property if the full consideration was not rendered.

Appellant has also filed a motion asking that we modify the judgment of the trial court as to the time allowed in which it might remove its ties and rails and other improvements from the right of way in controversy. It seems that in the court below the judgment provided that the appellant might have one year from the date of the judgment within which to do this. It is now contended that this is not sufficient, inasmuch as the appellant desired to exercise its right of appealing to all courts to which it may resort in the event no judgment is sooner rendered in its favor. There is in the record no assignment attacking that feature of the judgment of the court below, and therefore we are not called upon to revise it even should we be disposed to think it erroneous in allowing an insufficient length of time for the removal of the appellant's property from the right of way.

Appellant has also filed a motion to certify this case to the Supreme Court. There is no occasion for this to be done, in view of the fact that a writ of error may be applied for upon the affirmance of the case, and the jurisdiction of the Supreme Court may thereby be invoked as completely as it could be done by a certification from this court.

The motions for rehearing, to modify the judgment, and to certify are overruled.

*Affirmed.*

Writ of error refused.