TACQUARD v. KEMPNER. (No. 7597.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 5, 1918. Rehearing Denied Jan. 9, 1919.)

SALES ⊂⊐150(1)—SALE OF SALVAGED COTTON —FAILURE TO PERFORM—IMPOSSIBILITY.

Where plaintiff salvaged baled cotton cast on shore by a storm, and agreed to sell it to defendant f. o. b. cars at a shipping point, but cotton was seized by receiver in suit between other parties, so that performance became impossible, defendant was not liable for price on ground that but for enforced delivery to receiver plaintiff could have carried out his contract, which amounted in law to delivery to defendant.

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by H. G. Tacquard against Eliza Kempner. Judgment for defendant, and plaintiff appeals. Affirmed.

Stewarts, of Galveston, for appellant.

Williams & Neethe, of Galveston, for appellee.

GRAVES, J. This case upon its facts presents a situation somewhat out of the ordinary. Following the Gulf Coast storm of August, 1915, hundreds of bales of unidentified cotton were found scattered promiscuously over lands bordering the Gulf and bays in the vicinity of Galveston. Appellant had collected together and placed upon skids on his own premises many bales of such cotton cast by the storm upon the "mainland" in that territory. He then entered into a contract with appellee, who acted through her authorized agent, H. L. Roberts, or H. L. Roberts & Co., evidenced by the following two memoranda, both bearing the date of August 28, 1915, but the first copied having been in fact signed and delivered on the same day, presumably in advance of the other:

"Hitchcock, Texas, August 28, 1915.

"We have this day sold to H. L. Roberts & Co. 1,000 bales or more of good cotton at $6.50 per bale f. o. b. cars at Alta Loma, Texas. No linters or round bales to be included.

"We hereby acknowledge receipt of $25.00 cash paid to us to bind this contract, the said $25.00 to apply on final settlement for the cotton.                H. G. Tacquard."

"I have this day salvaged to H. L. Roberts, of Hitchcock, Texas, representing H. Kempner, of Galveston, one thousand or more bales of cotton washed up by the storm of the 19th instant, said H. L. Roberts to pay us $6.50 per bale delivered on cars at Alta Loma, Texas, $5.00 per bale of this salvage and $1.50 per bale allowance for hauling and loading cars."

It will be noted that under the express terms of both writings the obligation taken by Tacquard was to sell the 1,000 or more bales of cotton to Kempner f. o. b. cars at Alta Loma, Tex.

Now, the undisputed proof showed that not a bale of it was ever so delivered or tendered; not only that, but further, as the trial court found, that Tacquard never actually did anything pursuant to the agreement, nor suffered anything in consequence of it. He himself testified:

"At the time Roberts and I finally made a trade, that cotton was at my place and had been put on skids. We were to salvage it and take it to Alta Loma."

In other words, he did not remove the cotton out of the drift where it was first deposited and place it upon skids up at his place in part performance of his contract with Kempner, but had done all that before he made such a contract.

And with matters in that precise condition, although Tacquard had in the meantime contracted with some one to haul the cotton to Alta Loma for him at $1.50 per bale, but, as he himself pleaded, "before he could by the exercise of reasonable diligence deliver any of said cotton" under his contract with Kempner, it was all seized and so placed beyond his further control by the receiver appointed by the United States District Court

---

⊂⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error denied by Supreme Court March 19, 1919.

for the Southern District of Texas in equity action No. 67 therein, styled Bush & Witherspoon v. Garner Co. et al.

Appellant then followed the cotton into that receivership proceeding, intervened therein upon a claim for compensation for having so salvaged it, and on account thereof finally received from the proceeds of the sale through the receivership the gross sum of $2,168.

His contention is that his enforced delivery to the receiver of the cotton he had ready for, and could otherwise have carried out his contract to Kempner with, amounted in law to a delivery thereof upon his part to Kempner, absolved him from further obligation to the latter, and entitled him to collect the full contract price. We cannot agree with him. It seems to us that he both pleaded and testified himself out of court, and that notwithstanding the recitation in the contract itself that, of the total consideration of $6.50 per bale of the cotton, $5 was for salvage and $1.50 for hauling f. o. b. cars; the contract was none the less a single and unequivocal agreement to deliver the cotton f. o. b. the cars at Alta Loma, which, not having been in any respect performed, left appellant without a cause of action.

He still says, however, that he was relieved from his obligation to so deliver the cotton at Alta Loma because it became impossible, through the receiver's taking possession, for him to do so. As we understand the authorities, impossibility of performance under such circumstances, not existing at the time the contract was made, but arising subsequently, and not caused by a party thereto, furnishes no excuse. Smoots Case, 15 Wall. 36, 21 L. Ed. 107; Irrigation Co. v. Dodd, 162 S. W. 946; Irrigation Co. v. Watkins, 183 S. W. 431; Corpus Juris, vol. 13, p. 639, note 67; Klauber v. San Diego Street Car Co., 95 Cal. 353, 30 Pac. 555; Sample v. Irrigation Co., 129 Cal. 222, 61 Pac. 1085; Page on Contracts, vol. 3, par. 1347.

We find it unnecessary to pass upon the legality of the contract in the first instance, and do not do so.

Finding no error, the judgment has been affirmed.

Affirmed.