Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MORROW, P. J. Our re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that on the original hearing the proper disposition of the appeal was made.

The motion is overruled.

---

## CAMERON COUNTY WATER IMPROVEMENT DIST. NO. I v. HALL. (No. 7468.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1925. Rehearing Denied Jan. 20, 1926.)

**Waters and water courses ☞261—Irrigation districts liable for failure to furnish water.**

Though irrigation districts be quasi public corporations, responsibility for all their acts in the performance of their duties to the public is created as is in the power of the Legislature, by Vernon's Sayles' Ann. Civ. St. 1914, art. 5107—23, part of the statute under which they are created giving them the liability to be sued as well as the right to sue, so that they may be held for damages for failure to furnish water to one entitled thereto.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by W. M. Hall against the Cameron County Water Improvement District No. 1. Judgment for plaintiff, and defendant appeals. Affirmed.

Rentfro & Cole, of Brownsville, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

FLY, C. J. This is a suit for damages growing out of a failure of appellant to furnish sufficient water to irrigate land held by appellee as a tenant during the year 1924; the land being situated within, and forming a part of, the water improvement district. The cause was decided by the court, without a jury, and judgment rendered in favor of appellee for the sum of $965.

We adopt the following conclusions of fact of the trial judge:

"W. H. Hall was the tenant of one Willouby for whom J. C. Myrick was agent for the year 1924, on the south 20 acres of block 58, David and Stephenson subdivision, Cameron county, Tex., and that said Hall occupied and cropped said land to the extent of 17 acres to broom corn.

"Said land lies within and forms a part of Cameron county water improvement district No. 1.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused March 17, 1926.

"About the middle of the month of April, 1924, the plaintiff, Hall, applied for water for said 17 acres of land, and the required amount of taxes and water rentals were paid to said district and received and accepted by said district and its receipt issued by proper officer.

"On numerous occasions, and at different times and places, plaintiff, Hall, requested of defendant, by addressing its manager and its ditch rider, that a water gate be installed that he might irrigate his crop, and at each of these times said officers or agents of said defendant promised to install said water gate.

"There was not furnished to said land by said district a sufficient and proper water gate.

"Plaintiff had a crop on said land to which he was entitled to water for irrigation. That he was not furnished with said water, and that, because of said failure to furnish water, his crop of broom corn withered, dried up, and wholly failed to mature.

"Plaintiff had a crop of 17 acres of broom corn. Said crop would have yielded six and four-fifths tons. The market value of said broom corn at the time it would ordinarily have matured and been harvested was $175 per ton. That the cost of cultivating and harvesting said crop from the time of defendant's failure to furnish water would have been $225. Plaintiff suffered damages in the sum of $965.

"Defendant at all times had in its canals sufficient water to irrigate said lands.

"Plaintiff's damages were caused by the failure of defendant to furnish proper and adequate water gate for delivery of water to plaintiff's lands."

There are seven assignments of error presenting really only one contention, and that is that appellant "is a public corporation and a political subdivision of the State, exercising only governmental functions, and as such is not liable for the negligent and wrongful acts of its officers."

This court has at different times affirmed without question judgments giving damages arising from a failure to furnish water to those entitled to receive it, in water improvement districts, and in a recent decision of this court, delivered through Associate Justice Cobbs, in a well-considered opinion, it was held that irrigation districts are liable under the law of their creation for breaches of contracts or their torts. Barnhart v. Improvement District, 278 S. W. 499. Undoubtedly, the words of the statute giving to such districts the right to sue and the liability to be sued create a responsibility for all their acts in the performance of their duties to the public. Vernon's Civ. Stats. art. 5107—23. The authority of the Legislature to make such corporations liable to suits of aggrieved persons cannot be questioned. Appellant would not submit to a claim that it could not sue any one to sustain its rights and redress its wrongs, and it is untenable and unreasonable to assert that it has the right to sue any and all persons by virtue of its statutory authority, and yet it may wrong the citizen with impunity, as he could not enforce his rights as against it in the courts of the country. The statute gives the district the right to sue, and just as clearly gives the citizen the right to sue it in the enforcement of his rights and the redress of his wrongs.

Corporations are legal institutions created by the state, and have conferred on them such powers, privileges, and immunities as their creator may see proper to confer. The old well-known, quaint definition given by Lord Coke is interesting and amusing, if not as accurate as it might be: "As touching corporations" says Lord Coke, "the opinion of Manwood, chief baron, was this: 'That they were invisible, immortal, having no conscience or soul; and therefore no subpœna lieth against them; they cannot speak, nor appear in person, but by attorney.' " At least a part of this definition has passed from generation to generation, and possibly has inspired attacks without "conscience or soul" upon many corporations, and possibly it may have inspired corporations at times to act in such a manner as to deserve the charge of being soulless and conscienceless. In the celebrated case of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L. Ed. 629, Chief Justice Marshall gives a, clearer and more accurate definition. He says:

"A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law."

He follows that definition by an equally clear statement:

"Being the mere creature of law, it possesses only those properties which the charter of its creation confers upon it, either expressly, or as incidental to its very existence."

Being a creature of the state, the creator can give or withhold certain powers, and create or deny certain liabilities.

The water improvement districts created by statute are not clothed with the powers which would invest them with the full character of public corporations, which, correctly speaking, are those which are established for public purposes exclusively, such as cities, towns, or counties. Such districts may be technically classed as quasi public corporations, but, whether they be pure public corporations or merely quasi, the power of the Legislature over them is supreme. Dillon, Mun. Corp. § 92. The Legislature had the power, and exercised it in providing that such corporations can sue and be sued. It has been directly held in several of the states, where laws on irrigation are administered, that suits for damages resulting from failure to furnish water for irrigation will be sustained. Farnham, Waters and Water Rights, § 609b; Pawnee Land Co. v. Jenkins, 1 Colo. App. 425, 29 P. 381; Sample v. Fresno Irr. Co., 129 Cal. 222, 61 P. 1085.

The pleadings stated a good cause of action, and were sustained by the evidence. The judgment is affirmed.