AMERICAN ROADS MACHINERY CO. v. CITY OF BALLINGER. (No. 6049.)

(Court of Civil Appeals of Texas. Austin. Feb. 12, 1919. Rehearing Denied March 19, 1919.)

1. MUNICIPAL CORPORATIONS ⬡⟿905—SUIT ON WARRANT—PETITION—SUFFICIENCY.

In suit on warrants issued by defendant city, plaintiff's petition *held* insufficient to show a compliance with Const. art. 11, §§ 5, 7, as to making provision for interest and sinking fund when debt is created, or that debt was to be satisfied out of current revenues for the year, or some fund within the immediate control of the city, so that the warrants were valid without compliance with said constitutional requirement.

2. PLEADING ⬡⟿8(6)—CONCLUSIONS.

In suit on warrants issued by defendant city, allegation in petition that warrants were given in lieu and substitution of other valid warrants was a mere conclusion, insufficient to show that warrants were valid.

3. MUNICIPAL CORPORATIONS ⬡⟿898 — ISSUANCE OF WARRANTS — PROVISION FOR PAYMENT.

Provision of statutes with relation to issuance of city bonds, which specifically requires the city to provide a fund to pay interest and create a sinking fund, has no application to a case where no bonds were issued, but the debt simply evidenced by city warrants.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by the American Roads Machinery Company against the City of Ballinger. Judgment for defendant, and plaintiff appeals. Affirmed.

---

⬡⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

H. N. Hickman and C. G. Whitten, both of Abilene, for appellant.

A. K. Doss and C. P. Shepherd, both of Ballinger, for appellee.

BRADY, J. Appellant sued appellee upon six certain warrants executed at various dates during the years 1912 and 1913, and aggregating the principal sum of $3,751, being renewals of other warrants issued by appellee in 1907 to the Good Roads Machinery Company, as part of the purchase price for certain road · machinery; appellant alleging that it became the owner of the renewal warrants as an innocent holder for value without notice and before maturity. The court sustained appellee's general demurrer to the petition, and, appellant having declined to amend, the court rendered judgment for appellee, from which this appeal is taken.

The material allegations of plaintiff's petition, omitting the formal parts, are: That appellee executed and delivered the warrants in suit to Good Roads Machinery Company in payment for street machinery purchased by appellee from said company on July 26, 1907, and that they were substitutes for certain original warrants issued during the year of the contract, and that all of the warrants on their face recited that they were payable out of the street and bridge fund. That the warrants bear 6 per cent. interest from date thereof, and were due and payable at future dates, varying from six months from date to three years from date. That the warrants bear the seal of the city of Ballinger, and were executed and delivered to Good Roads Machinery Company in renewal and extension of certain valid warrants, and delivered to the company by defendant during the year 1907 for street machinery purchased from the company, the same being purely an interstate commerce transaction. That the warrants were executed and delivered in accordance with the contract adopted by the city council July 26, 1907, as shown by the minutes of its proceedings. That the original and renewal warrants were in part payment for the machinery described in the contract, and were executed and delivered by order and authority of the city council, and were payable out of the street and bridge fund of said city, and were a legal and proper charge against said fund. That the machinery was duly delivered by the company to the defendant city and duly accepted. That prior to the date of the contract and the issuance of the warrants, and prior to the delivery of the machinery and its acceptance by the city, to wit, on May 17, 1907, by ordinance duly passed, as shown on the minutes, the city council had levied a tax of 15 cents on the $100 valuation of taxable property within the city for street and bridge purposes for the year 1907, moneys derived from said levy to constitute the street and bridge fund of the city.

That the taxable value of the property within the city for the year 1907 was about $1,619,998, and that the tax in the sum of 15 cents on the $100 valuation of such property has been levied each succeeding year since 1907. That the tax which had theretofore been levied in 1907 and the tax of 15 cents thereafter levied each year for street and bridge purposes was ample and more than sufficient to pay all interest on said warrants as the same accrued, and to pay off and discharge said warrants at their maturity, and provided more than sufficient funds to pay the interest thereon and provide a sinking fund of 2 per cent. on the principal. That the money derived and to be derived from that fund amounts to several thousand dollars annually, and greatly in excess of the amounts stipulated in the warrants. That appellant became the purchaser of the warrants from Good Roads Machinery Company before their maturity for a valuable consideration, and that appellant is an innocent holder for value without notice of any defense to the warrants, if there be any. That the city had refused to pay the same, although duly presented to it for payment at their maturity. That under the law the city is and was authorized to levy an annual tax of 15 cents on the $100 valuation of property within its limits for the improvement of the roads, bridges, and streets; and, the city having purchased the machinery, and having issued warrants against the street and bridge fund, the same was an appropriation of a sufficient amount of said fund to pay off the warrants to such purpose, and the city, having failed and refused to pay the same, is liable to appellant in the amount of the warrants. Appellant prayed for judgment for the amount of the warrants, with interest thereon, for costs, and general relief.

Appellant contends that the petition stated a good cause of action, and that the trial court erred in sustaining the general demurrer, especially because it had pleaded that the warrants in suit were executed in renewal of "certain valid warrants" issued by the city during the year 1907, and that an appropriation for the payment of the original warrants was sufficiently alleged as against the general demurrer; and because it was alleged that the warrants were payable out of a special fund, to wit, the street and bridge fund, and that at the time the original warrants were issued the tax of 15 cents on the $100 valuation for the street and bridge fund had already been levied by the city, and a similar levy was made in each succeeding year after 1907.

Appellee contends that the obligations sued upon, as well as the original obligations, were void, because it is not alleged that at the time they were issued the city had made any provision to assess and collect annually a sufficient sum to pay the in-

terest thereon and create a sinking fund of at least 2 per cent. thereon, as required by sections 5 and 7 of article 11 of the Constitution; and that the allegations of the petition show that the warrants were for a debt not payable out of the current revenues for the particular year, to bear interest, and payable at future dates of more than one year; and that there are no allegations in the petition showing a compliance with the constitutional provision requiring provision to be made for the payment of interest and the creation of a sinking fund to retire the warrants.

In determining which of these conflicting theories are correct, we will examine the constitutional provisions on the subject, as well as some authorities which have construed and applied these sections of the Constitution.

The applicable parts of the constitutional provisions relied upon by appellee are as follows (article 11, § 5):

"No debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and create a sinking fund of at least two per cent. thereon."

Section 7 of the same article:

"But no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made, at the time of creating same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent. as a sinking fund."

In the case of City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593, the Supreme Court considered the effect of these constitutional inhibitions, in a suit brought upon a promissory note given for waterworks supplies purchased by the city of Terrell, the note being payable two years after date, with interest at 7 per cent. from date, and the note recited on its face that it was "payable out of the tax of ¼ of one per cent. collected annually for general purposes." The court below held that the note was given for current expenses, and gave judgment against the city. The Supreme Court, however, assumed the correctness of the trial court's finding that the note was given for current expenses of the city, and yet held that the transaction for which the note was given created a debt against the city, within the meaning of the Constitution; and that no provision having been made for the payment of interest and for sinking fund, as required by the Constitution, the obligation was void, and judgment was rendered for the city. We quote the following language from the opinion of Associate Justice Gaines in that case:

"We freely concede that debts for the ordinary running expenses of a city, payable within a year out of the incoming revenues of the year, and with other indebtedness not clearly in excess of the yearly income for general purposes, can be created by a city. But we think that a debt for current expenses in order to be valid without a compliance with the constitutional and statutory requirements to which we have referred, must run concurrently with the current resources for such purposes, and that such a debt cannot be created without such compliance, which matures at such a time as would make it a charge upon the future resources of the city. It may not be easy to define accurately what are the current expenses of a municipality. But we may ask, if a city can create a debt of $1,500 for materials to extend its waterworks, and make it payable with interest one and two years after date, why may it not create an indebtedness for a larger sum for any public improvement, which it has the power to construct, and make it payable at a longer period? It is clear to us that if this were permitted the provisions of our Constitution and statutes which limit the power and regulate the manner of the creation of municipal indebtedness would be entirely nugatory."

McNeal v. City of Waco, 89 Tex. 83, 33 S. W. 322, is a leading case upon this question. The suit there was to recover from the city of Waco the contract price for materials and the building of certain underground cisterns for the fire protection of the city. Judgment was rendered by the trial court for the plaintiff, but upon appeal this court held that the trial court should have sustained the general demurrer to the petition, and upon writ of error the Supreme Court held that this court correctly decided that the general demurrer should have been sustained, and reversed and rendered the case for the city.

The Supreme Court in that case held that the constitutional provisions have no application to pecuniary obligations in good faith intended to be and lawfully payable out of either the current revenues for the year of the contract, or any other fund within the immediate control of the corporation, and that a warrant drawn against the current revenues of the year for one of the ordinary expenses of the corporation for such year, when all the claims for ordinary expenses for that year do not exhaust such revenues, there being funds within its immediate control lawfully applicable thereto, sufficient and in good faith contemplated by the contracting parties to be used in payment thereof when due, is not a debt within the meaning of the constitutional provisions requiring the creation of an interest and sinking fund. But Associate Justice Denman in the opinion further stated that:

"On the other hand, an obligation binding the city to pay for a matter relating to its ordinary expenses, such payment being, in contemplation of the parties, not intended to be made out of the current funds of the year in which the expenditure is made or in funds lawfully applicable thereto, would be a debt within the meaning of the Constitution."

And he sums up the holding in that case with this statement of the law:

"We conclude that the word 'debt,' as used in the constitutional provisions above quoted, means any pecuniary obligation imposed by contract, except such as were at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year or out of some fund then within the immediate control of the corporation."

In the case of Mineralized Rubber Co. v. City of Cleburne, 22 Tex. Civ. App. 621, 56 S. W. 220, the appellant sued the city of Cleburne for the possession of certain rubber fire hose, purchased by the city through a contract in which the city agreed to pay the sum of $750, payable in three years, the city reserving the right to pay the purchase price before the expiration of 12 months without interest. There was no provision made by the city for the payment of the debt, nor was it contemplated at the time of the transaction that the indebtedness was to be satisfied out of the current resources of that year, or out of any fund within the immediate control of the city. It was held that the contract was void, because of the failure to make provision, at the time of creating the indebtedness, for the payment of interest and sinking fund.

Other authorities to the same effect might be cited, but we think the above cases sufficient to indicate the principles upon which this case must turn. We believe they announce the settled law of this state, and we will seek to apply those principles to the instant case.

[1] It does not appear from the averments of plaintiff's petition that the obligations sued upon were given for current expenses of the city, or that it was within the reasonable contemplation of the parties that the indebtedness should be paid out of the current revenues for the year in which it was contracted. The petition does not allege what were the terms of the original warrants, but the warrants sued upon were executed on various dates in 1912 and 1913, and were due and payable at dates varying from six months to three years after date. The indebtedness was created in the year 1907, and while it is alleged that the same was payable out of the street and bridge fund of the city of Ballinger, as recited in the warrants sued on, it is not alleged that there was in such fund sufficient money to meet said indebtedness, even exclusive of the ordinary expenses for street and bridge purposes of the city. Nor is it alleged that any portion of said fund was set apart to meet said debt. The mere recital in the warrants that they were payable out of the street and bridge fund, and the mere averment that the original indebtedness was to be paid out of such fund, does not show that provision was made at the time of the contract for the payment of this indebtedness out of any fund "within the immediate control of the corporation," as is stated in the above decisions is necessary to except the indebtedness out of the constitutional inhibitions.

If the salutary constitutional safeguards against municipal extravagance and oppressive burdens to the taxpayers could be circumvented by a mere reference to or designation of a particular fund as the source of payment of the contract or obligation, this device would be often resorted to and the Constitution in effect nullified. We cannot give our sanction to such a suggestion. In Terrell v. Dessaint, supra, the obligation on its face recited that it was payable out of the general fund of the city, and this circumstance was held unavailing to meet the constitutional requirements, and it must be so in the instant case.

Appellant nowhere alleges that there was in the street and bridge fund for the year 1907 sufficient money to meet these obligations; nor that there was a levy of a tax sufficient to provide a sum necessary to discharge the same in the year in which they were contracted, and the Constitution requires that provision for the payment of interest and sinking fund must be made at the time the debt is created. It is true that appellant alleges that the taxable value of the property within the city limits for the year 1907 was about $1,619,998, and that the tax of 15 cents on the $100 valuation was levied in said year and each succeeding year, and that, "said tax which had theretofore been levied in 1907, and said tax of 15 cents thereafter levied each year for street and bridge purposes, was ample and more than sufficient to pay all interest on said warrants as the same accrued, and to pay off and discharge said warrants at their maturity, and provide more than sufficient funds to pay the interest on said warrants, and provide a sinking fund of 2 per cent. on the principal; that the money derived and to be derived from said fund amounts to several thousand dollars annually, and greatly in excess of the amount stipulated in said warrants;" but these averments do not amount to an allegation that a sufficient tax was levied in the year 1907 for these purposes. The allegation is that the tax levied for said year and for succeeding years sufficed to provide a sum in excess of the amount of the warrants, which cannot in any event, take the place of the constitutional requirement that provision must be made at the very time the debt is created. Furthermore, there is no averment that even the total levies for all these years were sufficient to pay interest and discharge the warrants at their maturity, over and above the current expenses of the city for street and bridge purposes. The failure to make substantially these averments was fatal to the petition, in our opinion.

Furthermore, it appears from the allega-

tions of the petition itself that upon the basis of the taxable values therein set forth, and the rate of tax levied for the year 1907, the amount which could be raised thereby in that year was wholly inadequate to discharge the contract and the indebtedness sued upon, even excluding all current expenses of the city for street and bridge purposes for said year.

[2] But it is further contended by appellant that in its petition it alleged that the warrants sued upon were given in lieu and substitution of other valid warrants, and that this averment made the petition good as against the general demurrer. We think that this allegation is a mere conclusion of the pleader, and does not suffice to take the place of necessary facts to show that the warrants were valid and legal obligations of the city. It must be taken in connection with all the averments of the petition, which are insufficient, even as against general demurrer, to show a compliance with the constitutional provisions, or to except the indebtedness sued upon from the constitutional requirements.

We have examined the authorities cited by appellant, but we do not regard any of them as in point in this case. Among other cases it cites Mitchell County v. Bank, 91 Tex. 361, 43 S. W. 880, and Wade v. Travis County, 174 U. S. 504, 19 Sup. Ct. 715, 43 L. Ed. 1060. These cases both involved county bond issues, and the holding in each case was to the effect that, where the statutes under which the bonds were issued in express terms require that provision be made for the payment of interest and creation of a sinking fund at the time of the issuance of the bonds, this was a substantial compliance with the constitutional provisions we have been discussing; that in such a case the law makes the provision required by the Constitution, and that it is a purely ministerial duty on the part of the county officers to create the fund; and that a mandamus would lie to compel the performance of that duty, if the officers should fail to discharge it. We know of no statute, and we have been cited to none, which authorizes the issuance of city warrants or the creation of an indebtedness such as is here sued upon, and which also makes provision for the levy of a tax by the city officers to provide for payment of the interest and sinking fund required by the Constitution, and which it would be their ministerial duty to provide. We see no apparent conflict between these two decisions and the cases we have cited. Certainly these cases are not applicable to this case, in our opinion. All the other cases cited by appellant seem to be to the same effect.

[3] There is a provision in our statutes with relation to the issuance of city bonds, which specifically requires the city to provide a fund to pay interest and create a sinking

fund, which is cited by appellant, but it has no application to this case, where no bonds were issued, but the debt was simply evidenced by city warrants.

We are of the opinion that the trial court properly sustained the general demurrer, and, that being the only question in the case, the judgment of the court below will be affirmed.

Affirmed.