John R. BRODHEAD et al., Appellants,

v.

CITY OF FORNEY, Appellee.

No. 5565.

Court of Civil Appeals of Texas, Waco.

July 8, 1976.

Rehearing Denied July 29, 1976.

H. P. Kucera, Dallas, for appellants.

Robert L. Dillard, III, Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

HALL, Justice.

John R. Brodhead and W. D. Wiser brought this suit to recover damages they allegedly suffered when the City of Forney breached an agreement to install water lines and sanitary sewer lines and do some street work in a subdivision developed by plaintiffs. The City defended on the ground, among others, that the contract is void because the "pay as you go" requirements set forth in the state constitution for payment of debts made by cities were not met when the contract was made. Trial was to a jury which, in answer to the single special issue submitted to it, set the plaintiffs' damages at $161,314.00. Judgment was rendered that the plaintiffs take nothing. We affirm.

On March 30, 1955, the City made a written contract with the plaintiffs that if they would, within nine months, purchase, subdivide, and dedicate a 50-acre tract which adjoined the City, and petition the City for annexation of the tract, the City would immediately thereafter lay water lines and sanitary sewer lines "sufficient to service the estimated houses to be constructed" in the subdivision, base the streets shown on the plat of the subdivision "with a good grade of gravel or clay" and pay for the work "out of funds which are and have been set aside [by the City] for such purposes." On the same day the City passed an ordinance ratifying the contract. In its pertinent parts, the ordinance provides:

SECOND: The [City] Commission does hereby set aside a sum of money sufficient to comply with and carry out the obligations of the city under said contract and which action of the Commission shall be binding upon all successor Commissions governing said city until said contract is completed and the obligations thereof fully complied with;

THIRD: The Commission authorizes and empowers the Mayor to employ an engineer on behalf of the city who is competent to handle such matters and to take bids upon the actual construction of the laying of the sewer and water lines and the graveling or laying a clay base foundation suitable for the paving of the streets in said contract as soon as the dedication and annexation of said tract have been accomplished in accordance with the contract, and the Mayor shall

have full power to contract and expend such sums of money necessary to complete and carry out the terms and obligations of said city under said contract;

. . .

The plaintiffs bought the property, platted it, subdivided it into lots and streets, petitioned for its annexation, and it was annexed by the City on October 3, 1955.

The City performed its work in installments. In 1956 it laid water and sewer lines and based streets to serve forty-four lots. In 1964, it did this work to serve an additional thirty-three lots. One hundred fourteen lots were then left without these services. In 1969, when called upon by the plaintiffs to service an additional forty lots, the City refused to perform. This lawsuit followed.

█ Article 11, §§ 5 and 7, Vernon's Ann.Tex.Const., provides that no debt for any purpose shall ever be incurred in any manner by a city or county unless, at the same time, provision is made for levying and collecting a sufficient tax to pay the interest on the debt and provide a sinking fund of at least two per cent for payment of the debt. A plaintiff seeking to recover on a pecuniary obligation allegedly owed by a city or county must plead and prove either that these provisions were complied with or that the debt when made was one for current expenses legally payable out of available current revenues. *City of Terrell v. Dissaint*, 71 Tex. 770, 9 S.W. 593 (1888); *McNeill v. City of Waco*, 89 Tex. 83, 33 S.W. 322 (1895). The plaintiffs did not meet that burden here. In fact, the only evidence on the questions (excepting the statements in the ordinance and contract) shows that when the contract was made and the ordinance was passed the amount of money the City would be expected to spend under them was grossly uncertain; that the City had no funds on hand or currently due with which it could have performed the contract, and made no provision for levying and collecting a tax for this purpose; and that, contrary to the statements in the contract and ordinance, the City did not actually set aside any funds for meeting the contract.

█ The proof that the City had no money on hand to meet the terms of the contract and did not assess a tax for that purpose was made by the City through the testimony of its City Secretary and a former city commissioner. The plaintiffs objected to this proof on the ground that it was in violation of the parol evidence rule. Citing *Colonial Trust Co. v. Hill County*, 294 S.W. 516 (Tex.Com.App., 1927), and *Colonial Trust Co. v. Hill County*, 27 S.W.2d 144 (Tex.Com.App., 1930), the plaintiffs argue that absent pleadings by the City of fraud, accident, or mistake, this parol proof was inadmissible to vary the terms of the contract and the ordinance which recite that the City set aside sufficient funds to meet its obligations under the contract. We disagree. As we have said, it was the plaintiffs' burden to show that the constitutional requirements were met or that the City intended to satisfy the contract in full from current revenues legally applicable to that purpose. The recitations in the ordinance and contract do not establish these facts as a matter of law. Paraphrasing a statement addressed by the court to a similar provision in a city contract in *American Roads Machinery Co. v. City of Ballinger*, 210 S.W. 265, 266 (Tex.Civ.App.—Austin, 1919, writ ref.): If the salutary constitutional safeguards in question could be circumvented by a mere statement in a contract or an ordinance creating a city debt that the City had set aside funds for payment of the debt, when in fact this was not done and funds were not available, this device would be often resorted to and the Constitution in effect nullified. This practice if permitted would be even more vicious where, as here, the obligation incurred by the City is for an uncertain amount extending over an indefinite term. *T. & N.O.R.R. Co. v. Galveston County*, 169 S.W.2d 713, 716 (Tex.Com.App., opinion adopted, 1943). For example, the proof here shows that the cost of laying water and sewer lines "has gone up tremendously in the last twenty years."

The plaintiffs' reliance on the *Colonial Trust Co.* cases is misplaced. There, the plaintiff pleaded and proved without con-

tradiction that at the time the defendant County agreed to buy two tractors it ordered payment from particular county (road and bridge) funds and that current revenues were available for that purpose. Accordingly, the court held that the constitutional requirements in question were met when the contract was made and that the County's later issuance of time warrants extending over several years for payment of the tractors did not render invalid the contract that was valid when made.

The judgment is affirmed.