IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0878
════════════
 
Judy Tooke and Everett 
Tooke
d/b/a Tooke & Sons and 
d/b/a
Nature’s Way Organic 
Landscaping, Petitioners,
 
v.
 
City of Mexia, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued April 21, 
2004
 
 
Justice O’Neill, dissenting.
 
For well over 
three decades, citizens have provided services to Texas municipalities under 
contracts this Court clearly held are enforceable in court if the statute that 
created the governmental entity provided it could “sue and be sued.”[1] Since our holding, the Legislature has 
done what we said it should if it intends to waive immunity from suit, inserting 
that or similar language in at least eighty statutes authorizing or creating 
governmental entities. Today, in a sweeping reversal unfettered by the 
constraints of stare decisis or the deference due the Legislature by its 
longstanding acceptance of our decision, the Court judicially amends those 
statutes. The reason it gives for doing so, that the Legislature’s intent to 
waive immunity should be more clearly expressed, was long ago urged and 
unanimously rejected by this Court. Such a cavalier approach to precedent is 
deeply disturbing. Absent a compelling reason to jettison established law, which 
the Court does not provide, I respectfully dissent. 
I 
Stare Decisis and Legislative Acceptance
This Court’s 
decision in Missouri Pacific Railroad Co. v. Brownsville Navigation 
District has stood as solid precedent for the past thirty-six years. 453 
S.W.2d 812 (Tex. 1970). There, a plaintiff railroad company sought indemnity 
under a written track agreement with the Brownsville Navigation District. We 
held that the phrase “sue and be sued” in a statute creating a subdivision of 
the state “is quite plain and gives general consent for [the navigation] 
District to be sued in the courts of Texas in the same manner as other 
defendants.” Id. at 813. Before our decision, two Texas courts of civil 
appeals had similarly held that a sue-and-be-sued provision in a statute 
creating a governmental entity waived immunity from suit for breach of contract. 
Cameron County Water Improvement Dist. No. 1 v. Hall, 280 S.W. 838, 839 
(Tex. Civ. App.–San Antonio 1925, writ ref’d); Barnhart v. Hidalgo County 
Water Improvement Dist. No. 4, 278 S.W. 499, 499-500 (Tex. Civ. App.–San 
Antonio 1925, writ ref’d) (stating “[t]here could be no plainer grant of power 
than is given by the right to sue and be sued.”). The United States Supreme 
Court has reached the same conclusion, from as early as 1940 to as recently as 
2004, and several times in between. See, e.g., United States Postal Serv. v. 
Flamingo Indus. (USA) Ltd., 540 U.S. 736, 741 (2004) (holding that “[t]he 
[Postal Reorganization Act of 1970] waives the immunity of the Postal Service 
from suit by giving it the power ‘to sue and be sued in its official name’“); 
FDIC v. Meyer, 510 U.S. 471, 475 (1994) (holding that “[b]y permitting FSLIC 
to sue and be sued, Congress effected a ‘broad’ waiver of FSLIC’s immunity from 
suit” for cognizable claims); Loeffler v. Frank, 486 U.S. 549, 554-65 
(1988) (holding that a sue-and-be-sued clause effects a broad waiver of immunity 
from suit); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244-47 (1940) 
(holding that the words “sue and be sued” in a federal statute creating the 
Federal Housing Administration authorized suits against the Administration, 
including a garnishment action in state court); see also Franchise Tax 
Bd. of Cal. v. United States Postal Serv., 467 U.S. 512, 516-25 (1984).
Until just 
recently, no one doubted that when the Legislature said a municipality could 
“sue and be sued,” the municipality’s immunity from suit was waived unless 
another, more specific statute, such as the Texas Tort Claims Act, indicated 
otherwise. See Tex. Civ. Prac. 
& Rem. Code ' 101.001-.109. The reported 
appellate decisions bear out that, until just recently, cities and 
municipalities never even thought to raise immunity from suit when they were 
sued on a contract.[2] In those cases where governmental 
immunity was raised, the Court candidly acknowledges, as it must, that until 
this recent foray by a single court of appeals,[3] the line of decisions adhering to 
Missouri Pacific’s holding was unbroken.[4] 
This Court, 
too, has appropriately adhered to Missouri Pacific’s precedent. In 1997, 
we cited Missouri Pacific as authority for the proposition that “‘sue and 
be sued’ met the legislative permission [to sue] requirement.” Fed. Sign v. 
Tex. S. Univ., 951 S.W.2d 401, 408 (Tex. 1997) (quoting Missouri 
Pacific, 453 S.W.2d at 813). And in 2002, the author of today’s opinion said 
explicitly that “[f]or breach of contract claims, the Legislature has waived 
immunity in some instances,” citing Missouri Pacific and Federal Sign. 
Tex. A & M Univ.-Kingsville v. Lawson, 87 S.W.3d 518, 521 (Tex. 2002) 
(Hecht, J., plurality opinion). 
While “sue and be sued” language was not at issue in Lawson, neither the 
dissenting nor the concurring justices took issue with the plurality opinion’s 
discussion of Missouri Pacific. 
Just four 
years ago, in Travis County v. Pelzel & Associates, Inc., 77 
S.W.3d 246 (Tex. 2002), this Court held that a statute providing that “[a] 
person may not sue on a claim against a county unless the person has presented 
the claim to the commissioners court,” Tex. Loc. Gov’t Code ' 89.004(a), did not waive 
immunity. 77 S.W.3d at 249. Our decision rested in part on the fact that the 
Legislature had deleted “sue and be sued” language from the statute at issue. 
Id. at 249-50. We noted that “the Legislature deleted the only 
language arguably waiving sovereign immunity, suggesting that it intended to 
preserve counties’ immunity from suit,” and cited Missouri Pacific in 
support of that proposition. Id. at 250. While we qualified our 
description of the “sue and be sued” language’s meaning with the term 
“arguably,” the clear import of our decision was that the deletion of “sue and 
be sued” was necessary to preserve counties’ immunity. In any event, we never 
suggested that “sue and be sued” language was not sufficient to waive immunity 
or that the Legislature or citizens should not rely on Missouri Pacific. 
In fact, the following year, in Wichita Falls State Hospital v. Taylor, 
106 S.W.2d 692 (Tex. 2003), we said “we have little difficulty recognizing the 
Legislature’s intent to waive immunity from suit when a statute provides that a 
state entity may be sued or that ‘sovereign immunity to suit is waived.’“ 
Id. at 696-97 (emphasis added) (quoting Tex. Civ. Prac. & Rem. Code ' 101.025(a)). 
This is not 
the first time we have been asked to abandon precedent in favor of what later 
appeared to be a more reasonable statutory interpretation. In Grapevine 
Excavation, Inc. v. Maryland Lloyds, 35 S.W.3d 1 (Tex. 2000), we considered 
a certified question from the United States Court of Appeals for the Fifth 
Circuit that asked whether an award of attorney’s fees against an insurer in a 
breach-of-contract action was permissible under section 38 of the Texas Civil 
Practice and Remedies Code. Acknowledging potential merit in the insurer’s 
reading of the statute, we nonetheless adhered to our contrary holding in a per 
curiam opinion that had been decided nineteen years earlier. Id. 
at 3-4 (citing Prudential Ins. Co. v. Burke, 621 S.W.2d 596 (Tex. 
1981) (per curiam)). We did so for two reasons that apply with equal force to 
this case. One, the Legislature had not substantially changed the statute since 
our decision and the decisions of numerous courts of appeals that had followed 
it; therefore, we presumed that the Legislature had adopted the judicial 
interpretation. Id. at 5 (citations omitted). And two:
 
More 
importantly, stare decisis demands the result we reach here. Stare decisis has 
its greatest force in statutory construction cases. Adhering to precedent 
fosters efficiency, fairness, and legitimacy. More practically, it results in 
predictability in the law, which allows people to rationally order their conduct 
and affairs. And, Texas appellate courts have predictably and consistently given 
section 38.006 the same construction for the past twenty years. 
 
 
Id. 
(citations omitted). Fully joining the Court’s opinion, Justices Gonzales and 
Enoch acknowledged that, were they construing the statute for the first time, 
they would agree with the insurer’s interpretation. Id. (Gonzales, J., concurring). But each 
adhered to stare decisis absent compelling reasons to overrule 
established precedent. Id. at 5-6. 
Like the 
Court, I too find the City of Mexia’s argument in this case compelling, and I 
would likely join the Court’s opinion if we were writing on a clean slate. 
But the principal argument the Court finds persuasive today is the same one the 
navigation district made, and the Court unanimously rejected, over thirty years 
ago: 
 
We submit 
that the provision of [the statute] that the district may sue and be sued in the 
name of the district is not a consent to suit. . . . these statutes relate to a 
district being plaintiff or defendant and provide such suit by or against one 
may be in the name of the district (ending doubt as to whether the Commissioners 
or other officials must be named) . . . .
 
Supplemental 
Brief of Respondent Brownsville Navigation District at 9, Missouri 
Pacific, 453 S.W.2d 812 (No. B-1848). That current members of the 
Court now find this same argument convincing is no reason to abandon stare 
decisis, which we have said “has its greatest force in the area of statutory 
construction.” James v. Vernon Calhoun Packing Co., 498 S.W.2d 160, 162 
(Tex. 1973) (citing Marmon v. Mustang Aviation, Inc., 430 S.W.2d 182 
(Tex. 1968)). 
II
Legislative Acceptance and Judicial Deference 
When this 
Court decided Missouri Pacific in 1970, there were many statutes on the 
books that contained “sue-and-be-sued” language, just as there was in the 
navigation district statute that we considered.[5] After our decision, the Legislature 
did not amend the navigation district statute to indicate a contrary intent, nor 
did it amend any other statute to delete or modify the “sue-and-be-sued” 
language, which this Court said “is quite plain and gives general consent 
. . . to be sued in the courts of Texas in the same manner as other 
defendants.” Missouri Pacific, 453 S.W.2d at 813. Instead, during 
the very next legislative session, in 1971, the Legislature codified former 
article 8263h, section 46, which was the statute at issue in Missouri 
Pacific, as section 62.078 of the Water Code. Act of Mar. 29, 1971, 62nd 
Leg., R.S., ch. 58, '' 
1, 2, 1971 Tex. Gen. Laws 110, 611, 661 (codifying Tex. Rev. Civ. Stat. art. 8263h, ' 46, as Tex. Water Code ' 62.078(a)). That section 
remains unchanged to this very day. Tex. 
Water Code ' 62.078. It states 
that a “district established under this chapter may, by and through the 
commission, sue and be sued in all courts of this state in the name of the 
district.” Id. ' 62.078(a). In the 
same 1971 session, the Legislature used the “sue-and-be-sued” language in three 
other enactments, which related to higher education authorities, Act of May 22, 
1971, 62nd Leg., R.S., ch. 1024, ' 1, 1971 Tex. Gen. Laws 
3072, 3106 (current version at Tex. 
Educ. Code ' 
53.13), other navigation districts, Act of Mar. 29, 1971, 62nd Leg., R.S., ch. 
58, ' 1, 1971 Tex. 
Gen. Laws 110, 592 (current version at Tex. Water Code ' 61.082(a)), and 
self-liquidating navigation districts, Act of Mar. 29, 1971, 62nd Leg., R.S., 
ch. 58, ' 1, 1971 Tex. 
Gen. Laws 110, 640 (current version at Tex. Water Code 63.112(a)). Since then, 
in 1977, 1981, 1983, 1985, 1987, 1989, 1991, 1993, 1995, 1997, 1999, 2001, 2003, 
and 2005, the Legislature has enacted legislation authorizing or creating a wide 
variety of governmental entities, and employed the familiar “sue-and-be-sued” 
language that we said in Missouri Pacific waived immunity from suit. 
See infra app. B. We must presume that the Legislature was aware of our 
construction of the term in enacting those laws. Am. Transitional Care Ctrs. 
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878-79 (Tex. 2001). Furthermore, 
we have said that “‘the Legislature must be regarded as intending statutes, when 
repeatedly reenacted, as in the case here, to be given that interpretation which 
has been settled by the courts.’“ Wich v. Fleming, 652 S.W.2d 353, 355 
(Tex. 1983) (quoting Mustang Aviation, 430 S.W.2d at 187). As Chief 
Justice Waite of the United States Supreme Court eloquently explained:
 
After a 
statute has been settled by judicial construction, the construction 
becomes . . . as much a part of the statute as the text 
itself, and a change of decision is to all intents and purposes the same in its 
effect . . . as an amendment of the law by means of a 
legislative enactment.
 
 
Douglass v. 
County of Pike, 101 U.S. 677, 687 (1879). 
The question 
before us is not whether the Court’s decision in Missouri Pacific was 
correct, but whether we should judicially amend the law that the Legislature, in 
its policy-making role, has enacted in reliance upon it. The Court’s usurpation 
of the legislative function today belies our repeated acknowledgment that the 
contours of sovereign and governmental immunity are best shaped by the 
Legislature. Tex. Natural Res. Conservation Comm’n v. IT‑Davy, 74 S.W.3d 
849, 854 (Tex. 2002) (stating “[w]e have consistently deferred to the 
Legislature to waive sovereign immunity from suit, because this allows the 
Legislature to protect its policymaking function.”) (citing Hosner v. 
DeYoung, 1 Tex. 764, 769 (1847)); id. at 861 (Hecht, J., concurring) (“[T]he 
Legislature is better suited than the Judiciary to weigh the policy and 
political concerns that inhere in determining whether the State should be immune 
from suit for breaching its contracts.”). 
The Court 
decides to overrule Missouri Pacific in part because the sue-and-be-sued 
language “means different things in different statutes.” ___ S.W.3d ___, ___. 
The Court opines that upholding Missouri Pacific would render parts of 
several other statutes meaningless. Id. at ___. In support, the Court 
cites five statutes that contain “sue and be sued” language, three of which 
employ additional waiver language, Tex. 
Educ. Code ' 
76.04; Tex. Gov’t Code ' 404.103; Tex. Loc. Gov’t Code ' 262.007, and two of which 
explicitly preserve immunity from suit. Tex. Educ. Code ' 111.33; Tex. Health & Safety Code ' 403.006. Presuming, as the 
Court decides, that these statutes do contain internal inconsistencies, surely 
these isolated examples do not justify the Court’s wholesale amendment of over 
eighty statutes. See infra app. B. Even more disturbing, though, is the 
Court’s troubling assumption that the Legislature had no idea what it was doing 
when fashioning and recodifying these statutes. 
The three 
statutes in which the Court has discovered an apparent redundancy are hardly 
remarkable. Although the Legislature generally intends all words it uses to have 
meaning, the fact that it uses words with similar import twice does not create 
an internal conflict; there are occasions when statutory language repeats 
itself, as we have recognized. In re City of Georgetown, 53 S.W.3d 328, 
336 (Tex. 2001) (stating “[T]he Legislature repeated itself out of an abundance 
of caution, for emphasis, or both.”) And the two statutes that employ 
sue-and-be-sued language yet explicitly preserve immunity prove only that the 
Legislature knows how to preserve immunity when it so desires, not that the 
Legislature had no idea what it was doing. 
III
Recent Legislative Action
In support of 
its decision today, the Court cites House Bill 2039, a 2005 enactment that 
codified Local Government Code sections 271.151-.160 and provided for 
limitations on awards for breach of contract claims against local governmental 
entities. The Court contends that “the holding of Missouri Pacific is 
inconsistent with the Legislature’s more recent limited waivers of immunity from 
suit on contract claims,” and that the legislative scheme to handle such claims 
“would be disrupted if ‘sue and be sued’ clauses in organic statutes waived 
immunity from suit.” ___ S.W.3d ___, ___. House Bill 2039's legislative history, 
however, demonstrates just how far the Court’s gloss on post-Missouri Pacific 
legislative enactments deviates from the Legislature’s clear belief that 
“sue and be sued” waives a governmental entity’s immunity from contract-based 
suits. In truth, House Bill 2039 was enacted specifically to counteract those 
recent appellate court decisions finding “sue and be sued” language ambiguous, 
as the Court holds today. The Committee Report for House Bill 2039 
explained:
 
            
Until recently, well established case law followed the plain meaning of [sue and 
be sued] and interpreted those provisions to constitute a waiver of immunity 
from suit in cases arising from breach of contract. See, for example, the 1970 
Texas Supreme Court opinion in Missouri Pacific . . . .
 
Several 
recent Texas Courts of Appeal decisions have ignored prior Texas case law and 
have disregarded the plain meaning of statutes by holding that they do not 
constitute a statutory waiver of immunity from suit in cases arising from breach 
of contract.
            

 
House Comm. On Civil Practices, Bill Analysis, Tex. H.B. 2039, 79th 
Leg., R.S. (2005); see also Sen. 
Comm. On State Affairs, Bill 
Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005). It is this 
legislatively disapproved handful of recent appellate court decisions that the 
Court today interprets as creating an ambiguity in the meaning of “sue and be 
sued.” ___, ___ S.W.3d ___ n.61. The House Committee report emphasizes that 
House Bill 2039 is 
 
intended 
to clarify and re-express the Legislature’s intent that all local governmental 
entities that have been given or are given statutory authority to enter into 
contracts shall not be immune from suits arising from those contracts, subject 
to the limitations set forth in C.S.H.B. 2039. 
 
 
House Comm. On Civil Practices, Bill Analysis, Tex. H.B. 2039, 79th 
Leg., R.S. (2005). To suggest, as the Court does, that Missouri Pacific 
no longer comports with legislative intent regarding immunity from suit is 
directly contrary to the intent the Legislature expressed in its subsequent 
legislative enactments. Since the Legislature has again emphasized that “sue and 
be sued” is a clear and unambiguous waiver of immunity from suit, this Court 
does no service to the stability of the law by overruling Missouri 
Pacific today.
 
* 
* * * *
 
This Court’s 
holding in Missouri Pacific was clear and direct; the presence of “sue 
and be sued” language in a statute creating a governmental entity waives 
immunity from suit. The Court today presents no compelling reason to overrule 
such firmly established precedent, upon which the Legislature and citizens have 
relied for well over three decades. From this perilous course, I respectfully 
dissent. 
 
___________________________________________
Harriet 
O’Neill
Justice
 
 
 
OPINION DELIVERED: June 
30, 2006
 
 
Appendix A
 
Pre-1971 Statutes
 
Act approved Mar. 15, 1875, 14th 
Leg., R.S., ch. 100, ' 1a, 1875 Tex. Gen. 
Laws 485, 486 (current version at Tex. 
Loc. Gov’t Code ' 51.013) 
(municipalities).
 
Act effective July 14, 1905, 29th 
Leg., R.S., ch. 104, ' 54, 1905 Tex. Gen. 
Laws 167, 181 (current version at Tex. 
Gov’t Code ' 431.009(a)(2)) (state 
militia units).
 
Act effective July 14, 1905, 29th 
Leg., R.S., ch. 124, ' 69, 1905 Tex. Gen. 
Laws 263, 281, repealed by Act of June 2, 1969, 61st Leg., R.S., ch 889, 
' 2, 1969 Tex. 
Gen. Laws 2735, 3024 (reenacted as Tex. 
Educ. Code ' 22.08(b)), 
repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 260, ' 58(a)(1), 1995 Tex. 
Gen. Laws 2207, 2498 (school districts). 
 
Act approved Mar. 23, 1907, 30th 
Leg., R.S., ch. 40, ' 53, 1907 Tex. Gen. 
Laws 78, 91 (current version at Tex. 
Water Code ' 49.066(a)) (drainage 
districts).
 
Act approved Feb. 20, 1909, 31st 
Leg., R.S., ch. 15, ' 41, 1909 Tex. Gen. 
Laws 32, 45 (current version at Tex. 
Water Code ' 61.082(a)) 
(navigation districts).
 
Act approved Mar. 19, 1909, 31st 
Leg., R.S., ch. 85, ' 54, 1909 Tex. Gen. 
Laws 140, 154-55 (current version at Tex. Water Code ' 49.066(a)) (levee 
improvement districts).
 
Act approved Apr. 2, 1918, 35th 
Leg., 4th C.S., ch. 43, ' 49, 1918 Tex. Gen. 
Laws 74, 95 (Tex. Water Aux. Laws 
art. 7847), repealed except as to districts created under the Act by Act 
of May 10, 1983, 68th Leg., R.S., ch. 235, art. 8, ' 3, 1983 Tex. Gen. 
Laws 983, 1045 (water control and preservation districts).
 
Act of July 17, 1919, 36th Leg., 
2d C.S., ch. 28, ' 23, 1919 Tex. Gen. 
Laws 65, 70 (current version at Tex. 
Water Code ' 49.066(a)) (water 
improvement districts).
 
Act effective Feb. 19, 1925, 39th 
Leg., R.S., ch. 5, ' 
46, 1925 Tex. Gen. Laws 7, 21 (current version at Tex. Water Code ' 62.078(a)) 
(navigation districts).
 
Act effective June 17, 1925, 39th 
Leg., R.S., ch. 25, '' 51, 137, 1925 Tex. 
Gen. Laws 86, 98, 131 (current version at Tex. Water Code ' 49.066(a)) (water 
control and improvement districts).
 
Act approved Oct. 18, 1926, 39th 
Leg., 1st C.S., ch. 16, ' 20, 1926 Tex. Gen. 
Laws 23, 27 (current version at Tex. 
Transp. Code ' 257.001) (retaining 
language added in 1983, which limits districts’ tort liability to the terms of 
the Texas Tort Claims Act) (road districts).
 
Act effective May 15, 1929, 41st 
Leg., R.S., ch. 290, ' 20, 1929 Tex. Gen. 
Laws 648, 654, repealed by Act of June 2, 1969, 61st Leg., R.S. ch. 889, 
' 2, 1969 Tex. 
Gen. Laws 2735, 3024 (junior college districts).
 
Act approved Sept. 21, 1932, 42nd 
Leg., 3rd C.S., ch. 27, ' 75, 1932 Tex. Gen. 
Laws 63, 86 (current version at Tex. 
Water Code 63.112(a)) (self-liquidating navigation districts).
 
Act of Nov. 10, 1934, 43rd Leg., 
4th C.S., ch. 7, ' 2(j), 1934 Tex. Gen. 
Laws 19, 21 (current version at Tex. 
Water Code ' 222.004(k)) (Lower 
Colorado River Authority).
 
Act of May 4, 1935, 44th Leg., 
R.S., ch. 337, ' 5(f), 1935 Tex. Gen. 
Laws 771, 773 (current version at Tex. 
Agric. Code ' 
202.022(4)) (wind erosion districts).
 
Act of May 21, 1937, 45th Leg., 
R.S., ch. 462, ' 8(a), 1937 Tex. Gen. 
Laws 1144, 1149 (current version at Tex. 
Loc. Gov’t Code ' 392.065(1)) (housing 
authorities).
 
Act of Apr. 6, 1939, 46th Leg., 
R.S., ch. 1, ' 2, 
1939 Tex. Gen. Laws 64, 64 (current version at Tex. Gov’t Code ' 81.014) (state 
bar).
 
Act of Apr. 11, 1939, 46th Leg., 
R.S., ch. 3, ' 13, 1939 Tex. Gen. 
Laws 7, 29 (current version at Tex. 
Agric. Code ' 201.101(a)(1)) (soil 
and water conservation districts).
 
Act of May 10, 1951, 52nd Leg., 
R.S., ch. 304, ' 1, 1951 Tex. Gen. 
Laws 486, 489 (current version at Tex. 
Loc. Gov’t Code ' 321.048(a)) (county 
boards of park commissioners).
 
Act of Apr. 24, 1957, 55th Leg., 
R.S., ch. 199, '' 7, 33(f), 1957 Tex. 
Gen. Laws 406, 409, 415 (current version at Tex. Health & Safety Code ' 282.048(a)) (county 
hospital districts).
 
Act of May 14, 1957, 55th Leg., 
R.S., ch. 482, ' 7(a), 1957 Tex. Gen. 
Laws 1398, 1402 (current version at Tex. 
Health & Safety Code ' 283.052(a)) (optional 
hospital districts).
 
Act of May 17, 1957, 55th Leg., 
R.S., ch. 472, ' 3, 1957 Tex. Gen. 
Laws 1379, 1379 (current version at Tex. 
Health & Safety Code ' 262.021(b)(2)) 
(municipal hospital authorities).
 
Act of Nov. 11, 1957, 55th Leg., 
1st C.S., ch. 7, ' 11, 1957 Tex. Gen. 
Laws 7, 9 (current version at Tex. Loc. 
Gov’t Code ' 320.048(a)) (county 
board of park commissioners).
 
Act of April 15, 1959, 56th Leg., 
R.S., ch. 137, ' 11, 1959 Tex. Gen. 
Laws 234, 236 (current version at Tex. 
Loc. Gov’t Code ' 322.048) (joint board 
of park commissioners).
 
Act of July 16, 1959, 56th Leg., 
2d C.S., ch. 25, ' 9(a), 1959 Tex. Gen. 
Laws 126, 128 (current version at Tex. 
Loc. Gov’t Code ' 293.026(a)(2)) 
(county building authorities).
 
Act of May 23, 1961, 57th Leg., 
R.S., ch. 370, ' 3, 1961 Tex. Gen. 
Laws 811, 812 (current version at Tex. 
Educ. Code ' 111.33), amended 
by Act of May 15, 1985, 69th Leg., R.S., ch. 378, ' 1, 1985 Tex. Gen. 
Laws 1466, 1466 (adding statement “ [n]othing in this section shall be construed 
as granting legislative consent for suits”) (University of Houston). 
 
Act of Feb. 1, 1962, 57th Leg., 
3rd C.S., ch. 33, ' 7(j), 1962 Tex. Gen. 
Laws 94, 96 (current version at Tex. 
Loc. Gov’t Code ' 306.041(a)) (park 
boards of trustees).
 
Act of Apr. 18, 1963, 58th Leg., 
R.S., ch. 122, ' 3, 1963 Tex. Gen. 
Laws 324 (current version at Tex. Health 
& Safety Code ' 264.021(b)(2)) 
(county hospital authorities).
 
Act of May 20, 1965, 59th Leg., 
R.S., ch. 511, ' 2, 1965 Tex. Gen. 
Laws 1030, 1031 (current version at Tex. 
Health & Safety Code ' 265.035) (joint 
municipal and county hospitals).
 
Act of Apr. 27, 1967, 60th Leg., 
R.S., ch. 186, ' 1, 1967 Tex. Gen. 
Laws 415, 416 (current version at Tex. 
Gov’t Code ' 435.013(b)(1)) (Texas 
National Guard).
 
Act of Apr. 24, 1969, 61st Leg., 
R.S., ch. 179, ' 3, 1969 Tex. Gen. 
Laws 515, 515 (current version at Tex. 
Educ. Code ' 135.55) (Texas State 
Technical Institute).
 
Act of May 27, 1969, 61st Leg., 
R.S., ch. 571, ' 3, 1969 Tex. Gen. 
Laws 1734, 1735 (current version at Tex. 
Educ. Code ' 
53.13) (higher education authorities).
 
Act of June 2, 1969, 61st Leg., 
R.S., ch 889, ' 1, 1969 Tex. Gen. 
Laws 2735, 2835 (codified as Tex. Educ. 
Code ' 17.21(a)), 
repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 260, ' 58(a)(1), 1995 Tex. 
Gen. Laws 2207, 2498 (county school trustees and county boards of education). 

 
Act of June 2, 1969, 61st Leg., 
R.S., ch 889, ' 1, 1969 Tex. Gen. 
Laws 2735, 2953-54 (current version at Tex. Educ. Code ' 11.151(a)) 
(independent school district boards of trustees).
Act of June 2, 1969, 61st Leg., 
R.S., ch 889, ' 1, 1969 Tex. Gen. 
Laws 2735, 2980 (codified as Tex. Educ. 
Code ' 26.61), repealed 
by Act of May 27, 1995, 74th Leg., R.S., ch. 260, ' 58(a)(1), 1995 Tex. 
Gen. Laws 2207, 2498 (rehabilitation districts).
 
Act of Sept. 8, 1969, 61st Leg., 
2d C.S., ch. 20, ' 7(j), 1969 Tex. Gen. 
Laws 136, 138 (current version at Tex. 
Nat. Res. Code ' 62.054) (beach park 
boards of trustees).
 
Act of May 26, 1953, 53rd Leg., 
R.S., ch. 266, 1953 Tex. Gen. Laws 691, amended to include “sue and be sued” 
by Act of May 5, 1955, 54th Leg. R.S., ch. 257, ' 1, 1955 Tex. Gen. 
Laws 715, 719 (current version at Tex. 
Health & Safety Code ' 281.056(a)) (county 
hospital districts).
 
Appendix B
 
Post-1971 Statutes
 
Act of May 24, 1977, 65th Leg., 
R.S., ch. 871, ' 1, 1977 Tex. Gen. 
Laws 2345, 2495 (current version at Tex. 
Nat. Res. Code ' 62.054) (beach park 
boards of trustees).
 
Act of July 21, 1977, 65th Leg., 
1st C.S., ch. 5, ' 1, 1977 Tex. Gen. 
Laws 59, 64 (current version at Tex. 
Water Code ' 19.052(a)(5)) (Texas 
Deepwater Port Authority).
 
Act of May 26, 1979, 66th Leg., 
R.S., ch. 816, ' 1, 1979 Tex. Gen. 
Laws 2085, 2094 (current version at Tex. 
Water Code ' 64.092(25)) (water 
import authorities).
 
Act of May 22, 1981, 67th Leg., 
R.S., ch. 388, ' 1, 1981 Tex. Gen. 
Laws 1012, 1472 (current version at Tex. 
Agric. Code ' 201.101(a)(1)) (soil 
and water conservation districts).
 
Act of May 22, 1981, 67th Leg., 
R.S., ch. 388, ' 1, 1981 Tex. Gen. 
Laws 1012, 1484 (current version at Tex. 
Agric. Code ' 202.022(4)) (wind 
erosion districts).
 
Act of May 30, 1981, 67th Leg., 
R.S., ch. 623, ' 5(c), 1981 Tex. Gen. 
Laws 2434, 2436 (current version at Tex. 
Rev. Civ. Stat. art. 6550c, ' 5(c)) (rural rail 
transportation districts).
 
Act of May 20, 1983, 68th Leg., 
R.S., ch. 702, ' 3(f), 1983 Tex. Gen. 
Laws 4370, 4375 (current version at Tex. 
Rev. Civ. Stat. art. 717r, ' 3(f)) (metropolitan 
water control and improvement subdistricts).
 
Act of Apr. 30, 1987, 70th Leg., 
R.S., ch. 147, ' 1, 1987 Tex. Gen. 
Laws 316, 418 (current version at Tex. 
Gov’t Code ' 431.009(a)(2)) (state 
militia).
 
Act of Apr. 30, 1987, 70th Leg., 
R.S., ch. 147, ' 1, 1987 Tex. Gen. 
Laws 316, 476 (amended 1997) (current version at Tex. Gov’t Code ' 435.013(b)(1)) (Texas 
National Guard).
 
Act of Apr. 30, 1987, 70th Leg., 
R.S., ch. 148, ' 3.01, 1987 Tex. Gen. 
Laws 534, 596 (current version at Tex. 
Gov’t Code ' 81.014) (state 
bar).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 768 (current version at Tex. 
Loc. Gov’t Code ' 51.013) (Type A 
general-law municipalities).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 769 (current version at Tex. 
Loc. Gov’t Code ' 51.033) (Type B 
general-law municipalities).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 770 (current version at Tex. 
Loc. Gov’t Code ' 51.075) (home-rule 
municipalities).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1066 (current version at Tex. 
Loc. Gov’t Code ' 281.052) (municipal 
civic center authorities).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1079 (current version at Tex. 
Loc. Gov’t Code ' 293.026(a)(2)) 
(county building authorities).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1089 (current version at Tex. 
Loc. Gov’t Code ' 306.041(a)) (park 
boards of trustees).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1106 (current version at Tex. 
Loc. Gov’t Code ' 320.048(a)) (park 
boards of trustees).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1115 (current version at Tex. 
Loc. Gov’t Code ' 321.048(a)) (county 
boards of parks commissioners).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1123 (current version at Tex. 
Loc. Gov’t Code ' 322.048) (joint 
boards of parks commissioners).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1213 (current version at Tex. 
Loc. Gov’t Code ' 392.065(1)) (housing 
authorities).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 1987 Tex. Gen. 
Laws 707, 1268 (current version at Tex. 
Loc. Gov’t Code ' 431.027(a)(5)) 
(municipal parking authorities).
 
Act of July 20, 1987, 70th Leg., 
2d C.S., ch. 32, art. 2, ' 1, 1987 Tex. Gen. 
Laws 108, 115 (current version at Tex. 
Agric. Code ' 58.022(2)) 
(agricultural finance authorities).
 
Act of Feb. 21, 1989, 71st Leg., 
R.S., ch. 1, ' 71(a), 1989 Tex. Gen. 
Laws 1, 77 (current version at Tex. Loc. 
Gov’t Code ' 324.065) (park 
districts).
 
Act of Feb. 21, 1989, 71st Leg., 
R.S., ch. 1, ' 74(a), 1989 Tex. Gen. 
Laws 1, 88 (current version at Tex. Loc. 
Gov’t Code ' 351.134(b)) (county 
jail districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2507 (current version at Tex. 
Health & Safety Code ' 262.021(b)(2)) 
(municipal hospital authorities).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2525 (current version at Tex. 
Health & Safety Code ' 264.021(b)(2)) 
(county hospital authorities).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2535 (current version at Tex. 
Health & Safety Code ' 265.035) (joint 
county-municipal hospital boards).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2545 (current version at Tex. 
Health & Safety Code ' 281.056(a)) (hospital 
districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2553 (current version at Tex. 
Health & Safety Code ' 282.048(a)) (county 
hospital districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2562 (current version at Tex. 
Health & Safety Code ' 283.052(a)) (optional 
hospital districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 3053 (current version at Tex. 
Health & Safety Code ' 772.113(a)) 
(emergency communication districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 3060 (current version at Tex. 
Health & Safety Code ' 772.213(a)) 
(emergency communication districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 3088 (current version at Tex. 
Health & Safety Code ' 775.031(a)(4)) 
(emergency services districts).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 3101 (current version at Tex. 
Health & Safety Code ' 776.031(a)(3)) 
(emergency services districts).
 
Act of May 26, 1989, 71st Leg., 
R.S., ch. 437, ' 1, 1989 Tex. Gen. 
Laws 1584, 1586 (current version at Tex. 
Loc. Gov’t Code ' 325.034(a)) (county 
sports facility district).
 
Act of May 29, 1989, 71st Leg., 
R.S., ch. 1094, ' 2, 1989 Tex. Gen. 
Laws 4477, 4486 (current version at Tex. 
Ins. Code Ann. art. 3.77, ' 6(b)(3)) (Texas 
Health Insurance Risk Pool).
 
Act of Mar. 21, 1991, 72nd Leg., 
R.S., ch. 14, ' 121, 1991 Tex. Gen. 
Laws 42, 116 (current version at Tex. 
Health & Safety Code ' 286.086) (hospital 
districts).
 
Act of Mar. 25, 1991, 72nd Leg., 
R.S., ch. 16, ' 13.05(a), 1991 Tex. 
Gen. Laws 244, 354 (current version at Tex. Loc. Gov’t Code ' 375.092(c)) 
(municipal management districts).
 
Act of May 4, 1993, 73rd Leg., 
R.S., ch. 268, ' 1, 1993 Tex. Gen. 
Laws 583, 876 (current version at Tex. 
Gov’t Code ' 2301.032) 
(Superconducting Super Collider Facility Research Authority).
 
Act of May 4, 1993, 73rd Leg., 
R.S., ch. 268, ' 1, 1993 Tex. Gen. 
Laws 583, 927 (current version at Tex. 
Gov’t Code ' 2306.053(b)(1)) 
(Texas Department of Housing and Community Affairs).
 
Act of May 19, 1993, 73rd Leg., 
R.S., ch. 369, ' 1, 1993 Tex. Gen. 
Laws 1656,1659 (codified at Tex. Water 
Code ' 151.037(a)), 
repealed effective Apr. 1, 2005, by Act of May 20, 2003, 78th Leg., R.S., 
ch. 1277, ' 6(19), 2003 Tex. Gen. 
Laws 4454, 4654 (Harris-Galveston Coastal Subsidence District).
 
Act of May 1, 1995, 74th Leg., 
R.S., ch. 165, ' 1, 1995 Tex. Gen. 
Laws 1025, 1186 (current version at Tex. 
Transp. Code ' 
257.001) (limiting districts’ tort liability to the terms of the Texas Tort 
Claims Act) (road districts). 
 
Act of May 1, 1995, 74th Leg., 
R.S., ch. 165, ' 1, 1995 Tex. Gen. 
Laws 1025, 1348 (current version at Tex. 
Transp. Code ' 441.103(a)) (road 
utility districts).
 
Act of May 1, 1995, 74th Leg., 
R.S., ch. 165, ' 1, 1995 Tex. Gen. 
Laws 1025, 1362 (current version at Tex. 
Transp. Code ' 451.054(c)) 
(metropolitan rapid transit authorities).
 
Act of May 1, 1995, 74th Leg., 
R.S., ch. 165, ' 1, 1995 Tex. Gen. 
Laws 1025, 1402 (current version at Tex. 
Transp. Code ' 452.054(b)) (regional 
transportation authorities).
 
Act of May 25, 1995, 74th Leg., 
R.S., ch. 715, ' 2, 1995 Tex. Gen. 
Laws 3755, 3760 (current version at Tex. 
Water Code ' 49.066(a)) (general 
law districts).
 
Act of May 27, 1995, 74th Leg., 
R.S., ch. 260, ' 1, 1995 Tex. Gen. 
Laws 2207, 2227 (current version at Tex. 
Educ. Code ' 11.151(a)) 
(independent school district boards of trustees).
 
Act of May 27, 1995, 74th Leg., 
R.S., ch. 260, ' 1, 1995 Tex. Gen. 
Laws 2207, 2443 (current version at Tex. 
Educ. Code ' 45.152(b)) (athletic 
stadium authorities).
 
Act of May 28, 1995, 74th Leg., 
R.S., ch. 1032, ' 1, 1995 Tex. Gen. 
Laws 5111, 5115 (current version at Tex. 
Educ. Code ' 54.618(b)(3)) 
(prepaid higher education tuition program).
 
Act of May 29, 1995, 74th Leg., 
R.S., ch. 933, ' 2, 1995 Tex. Gen. 
Laws 4673, 4686 (current version at Tex. 
Water Code ' 36.066(a)) 
(groundwater conservation districts).
 
Act of May 28, 1995, 74th Leg., 
R.S., ch. 995, ' 5, 1995 Tex. Gen. 
Laws 4990, 4996 (current version at Tex. 
Loc. Gov’t Code ' 383.062) (county 
development districts).
 
Act of May 8, 1997, 75th Leg., 
R.S., ch. 165, ' 23.03, 1997 Tex. Gen. 
Laws 327, 509 (current version at Tex. 
Loc. Gov’t Code ' 363.161) (crime 
control and prevention districts).
 
Act of May 30, 1997, 75th Leg., 
R.S., ch. 1204, ' 1, 1997 Tex. Gen. 
Laws 4621, 4625 (current version at Tex. 
Loc. Gov’t Code ' 326.063(a)) (library 
districts).
 
Act of June 1, 1997, 75th Leg., 
R.S., ch. 1171, ' 7.24, 1997 Tex. Gen. 
Laws 4427, 4471 (current version at Tex. 
Transp. Code ' 366.033(e)) (regional 
tollway authorities).
 
Act of Apr. 23, 1999, 76th Leg., 
R.S., ch. 62, ' 13.10(a), 1999 Tex. 
Gen. Laws 127, 344 (current version at Tex. Spec. Dist. Code ' 3501.102(b)(1)) 
(Lubbock Reese Redevelopment Authority).
 
Act of Apr. 23, 1999, 76th Leg., 
R.S., ch. 62, ' 13.10(a), 1999 Tex. 
Gen. Laws 127, 347 (current version at Tex. Spec. Dist. Code ' 3502.102(1)) 
(Westworth Village-White Settlement Redevelopment Authority).
 
Act of Apr. 23, 1999, 76th Leg., 
R.S., ch. 62, ' 13.10(a), 1999 Tex. 
Gen. Laws 127, 349 (current version at Tex. Loc. Gov’t Code ' 396.065(a)(1)) (Red 
River Redevelopment Authority).
 
Act of May 10, 1999, 76th Leg., 
R.S., ch. 227, ' 1, 1999 Tex. Gen. 
Laws 721, 761 (current version at Tex. 
Gov’t Code ' 1232.067(3)) (Texas 
Public Finance Authority).
 
Act of May 10, 1999, 76th Leg., 
R.S., ch. 227, ' 9, 1999 Tex. Gen. 
Laws 721, 1002 (current version at Tex. 
Loc. Gov’t Code ' 254.023(b)(7)) 
(island property boards of trustees).
 
Act of May 10, 1999, 76th Leg., 
R.S., ch. 227, ' 20, 1999 Tex. Gen. 
Laws 721, 1033 (current version at Tex. 
Transp. Code ' 54.053(b)(7)) (port 
boards of trustees).
 
Act of May 26, 1999, 76th Leg., 
R.S., ch. 1578, ' 1, 1999 Tex. Gen. 
Laws 5413, 5415 (current version at Tex. 
Spec. Dist. Code ' 3001.120(a)) 
(Southeast Texas Agricultural Development District).
 
Act of May 30, 1999, 76th Leg., 
R.S., ch. 1221, ' 1, 1999 Tex. Gen. 
Laws 4250, 4251 (current version at Tex. 
Loc. Gov’t Code ' 379B.005(a)) (defense 
base development authorities).
 
Act of May 30, 1999, 76th Leg., 
R.S., ch. 1293, ' 1, 1999 Tex. Gen. 
Laws 4429, 4434 (current version at Tex. 
Health & Safety Code ' 287.083) (health 
services districts).
 
Act of May 17, 2001, 77th Leg., 
R.S., ch. 1390, ' 1, 2001 Tex. Gen. 
Laws 3576, 3580 (current version at Tex. 
Loc. Gov’t Code ' 386.106) (commercial 
and industrial development zones).
 
Act of May 22, 2001, 77th Leg., 
R.S., ch. 1393, ' 1, 2001 Tex. Gen. 
Laws 3584, 3589 (current version at Tex. 
Agric. Code ' 60.060(a)) 
(agricultural development districts).
 
Act of May 24, 2001, 77th Leg., 
R.S., ch. 1295, ' 1, 2001 Tex. Gen. 
Laws 3125, 3131 (current version at Tex. 
Loc. Gov’t Code ' 344.161) (fire 
control, prevention, and emergency medical services districts).
 
Act of May 25, 2001, 77th Leg., 
R.S., ch. 1186, ' 1, 2001 Tex. Gen. 
Laws 2656, 2660 (current version at Tex. 
Transp. Code ' 460.103(b)) 
(coordinated county transportation authorities).
 
Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 1, 2003 Tex. Gen. 
Laws 4454, 4463 (current version at Tex. 
Spec. Dist. Code ' 1002.109) 
(Angleton-Danbury Hospital District of Brazoria County).
 
Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 1, 2003 Tex. Gen. 
Laws 4454, 4470 (current version at Tex. 
Spec. Dist. Code ' 1003.110) (Booker 
Hospital District).
 
Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 1, 2003 Tex. Gen. 
Laws 4454, 4478 (current version at Tex. 
Spec. Dist. Code ' 3001.120(a)) 
(Southeast Texas Agricultural Development District).
 
Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 1, 2003 Tex. Gen. 
Laws 4454, 4485 (current version at Tex. 
Spec. Dist. Code ' 3501.102(b)(1)) 
(Lubbock Reese Redevelopment Authority).
 
Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 1, 2003 Tex. Gen. 
Laws 4454, 4488 (current version at Tex. 
Spec. Dist. Code ' 3502.102(1)) 
(Westworth Village-White Settlement Redevelopment Authority).
 
Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 1, 2003 Tex. Gen. 
Laws 4454, 4639 (current version at Tex. 
Spec. Dist. Code ' 9501.004) (Seawall 
Commission in Matagorda County).
 
Act of May 28, 2003, 78th Leg., 
R.S., ch. 981, ' 1, 2003 Tex. Gen. 
Laws 2865, 2865 (current version at Tex. 
Loc. Gov’t Code ' 335.005) (sports and 
community venue districts).
 
Act of May 28, 2003, 78th Leg., 
R.S., ch. 996, ' 1, 2003 Tex. Gen. 
Laws 2901, 2910 (current version at Tex. 
Water Code ' 222.004(k)) (Lower 
Colorado River Authority).
 
Act of May 29, 2003, 78th Leg., 
R.S., ch. 1203, ' 2, 2003 Tex. Gen. 
Laws 3418, 3418 (current version at Tex. 
Loc. Gov’t Code ' 262.007(a)) (county 
purchasing and contracting authorities).
 
Act of May 31, 2003, 78th Leg., 
R.S., ch. 1235, ' 1, 2003 Tex. Gen. 
Laws 3494, 3497 (current version at Tex. 
Loc. Gov’t Code ' 327.161(a)) (zoo 
boards).
 
Act of June 2, 2003, 78th Leg., 
R.S., ch. 1325, ' 2.01, 2003 Tex. Gen. 
Laws 4884, 4898 (Tex. Transp. 
Code ' 370.033(d)) (regional 
mobility authorities).
Act of May 13, 2005, 79th Leg., 
R.S., ch. 238, ' 7, 2005 Tex. Gen. 
Laws 419, 422 (current version at Tex. 
Special Dist. Loc. Laws Code ' 8801.105) 
(Harris-Galveston Coastal Subsidence District).
 
Act of May 24, 2005, 79th Leg., 
R.S., ch. 641, ' 2, 2005 Tex. Gen. 
Laws 1597, 1606 (current version at Tex. 
Educ. Code ' 53A.13) (higher 
education facility authorities for private schools).
 
Act of May 25, 2005, 79th Leg., 
R.S., ch. 1007, ' 1.01, 2005 Tex. Gen. 
Laws 3375, 3379 (current version at Tex. 
Fam. Code ' 60.010(IV)(14) 
(Interstate Compact for Juveniles).
 
Act of May 25, 2005, 79th Leg., 
R.S., ch. 1132, ' 1, 
2005 Tex. Gen. Laws 3739, 3742 (current version at Tex. Ins. Code ' 5001.002(IV)(7)) 
(Interstate Insurance Product Regulation Commission).
 
Act of May 26, 2005, 79th Leg., 
R.S., ch. 883, ' 2, 2005 Tex. Gen. 
Laws 2984, 2989 (current version at Tex. 
Loc. Gov’t Code ' 336.158(a)) 
(multi-jurisdictional library districts).
 
Act of May 27, 2005, 79th Leg., 
R.S., ch. 1367, ' 1, 2005 Tex. Gen. 
Laws 4307, 4310 (current version at Tex. 
Health & Safety Code ' 288.107) (county 
health care funding districts).
 
Act of May 1, 1987, 70th Leg., 
R.S., ch. 149, ' 1, 
1987 Tex. Gen. Laws 707, 1265 (codified at Tex. Loc. Gov’t Code ' 421.023(h)), amended to 
include “sue and be sued” language by Act of May 26, 1989, 71st Leg., R.S., 
ch. 329, ' 3, 1989 
Tex. Gen. Laws 1296, 1297, repealed by Act of May 20, 2003, 78th Leg., 
R.S., ch. 1277, ' 
6(22), 2003 Tex. Gen. Laws 4454, 4654 (current version at Tex. Spec. Dist. Code ' 9501.004) (Seawall 
Commission in Matagorda County).
 
Act of May 18, 1989, 71st Leg., 
R.S., ch. 678, ' 1, 1989 Tex. Gen. 
Laws 2230, 2361-62, amended to include “sue and be sued” language by Act 
of May 23, 1991, ch. 476, ' 3, 1991 Tex. Gen. 
Laws 1702, 1703 (current version at Tex. 
Health & Safety Code ' 121.043(c)) (public health 
districts).
 









[1] I agree with the Court that this language is 
interchangeable with the “plead and be impleaded” language before us. 


[2] See, e.g., City of Odessa v. Barton, 967 
S.W.2d 834 (Tex. 1998) (swimming pool specialist sued for breach of employment 
contract); City of Big Spring v. Ward, 169 S.W.2d 151 (Tex. 1943) 
(engineer sued for breach of contract to recover for engineering services); 
City of Houston v. Finn, 161 S.W.2d 776 (Tex. 1942) (architect sued to 
recover for services rendered); Flagship Hotel, Ltd. v. City of 
Galveston, 117 S.W.3d 552 (Tex. App.–Texarkana 2003, pet. denied) (lessee 
sued for breach of lease agreement); Arredondo v. City of Dallas, 79 
S.W.3d 657 (Tex. App.–Dallas 2002, pet. denied) (firefighters sued for back 
wages pursuant to employment contract); Johnson v. City of Dublin, 46 
S.W.3d 401 (Tex. App.–Eastland 2001, pet. denied) (former chief of police sued 
for breach of employment contract); Tex. Indus., Inc. v. City of Dallas, 
1 S.W.3d 792 (Tex. App.–Eastland 1999, pet. denied) (lessor sued for breach of 
lease agreement for landfill operations); Mun. Admin. Servs., Inc. v. City of 
Beaumont, 969 S.W.2d 31 (Tex. App.–Texarkana 1998, no pet.) (auditor sued 
for breach of contract to obtain a portion of settlement proceeds recovered as a 
result of the audit performed); City of Beaumont v. Excavators & 
Constructors, Inc., 870 S.W.2d 123 (Tex. App.–Beaumont 1993, writ denied) 
(excavating contractor sued for breach of contract for inefficiency and delay 
damages); City of Harker Heights v. Sun Meadows Land, Ltd., 830 S.W.2d 
313 (Tex. App.–Austin 1992, no writ) (developers sued for breach of contract for 
damages and recovery of funds escrowed with the City); City of Corpus Christi 
v. Bayfront Assocs., 814 S.W.2d 98 (Tex. App.–Corpus Christi 1991, writ 
denied) (developer sued for breach of lease agreement and breach of fiduciary 
duty, and City claimed immunity under Texas Tort Claims Act); City of Terrell 
v. McFarland, 766 S.W.2d 809 (Tex. App.–Dallas 1988, writ denied) (resident 
sued for breach of contract for failure to reimburse water and sewer line 
construction costs); Cook v. City of Plano, 656 S.W.2d 607 (Tex. 
App.–Dallas 1983, writ ref’d n.r.e.) (real estate broker sued for breach of 
exclusive agency agreement); City of Baytown v. Bayshore Constructors, 
Inc., 615 S.W.2d 792 (Tex. Civ. App.–Houston [1st Dist.] 1980, writ ref’d 
n.r.e.) (contractor sued for breach of construction contract for failure to 
provide adequate plans and specifications); Brodhead v. City of Forney, 
538 S.W.2d 873 (Tex. Civ. App.–Waco 1976, writ ref’d n.r.e.) (developer sued for 
breach of agreement to install water and sewer lines and to do street work); 
B.L. Nelson & Assocs. v. City of Argyle, 535 S.W.2d 906 (Tex. Civ. 
App.–Fort Worth 1976, writ ref’d n.r.e.) (engineers sued for breach of contract 
to recover for services rendered); City of Nederland v. Callihan, 299 
S.W.2d 380 (Tex. Civ. App.–Beaumont 1957, writ ref’d n.r.e.) (developer sued for 
breach of contract to recover costs of laying water and sewer lines); City of 
Kirbyville v. Smith, 104 S.W.2d 564 (Tex. Civ. App.–Beaumont 1937, no writ) 
(attorney sued for services rendered); Dale Oil & Refining Co. v. City of 
Tulia, 25 S.W.2d 671 (Tex. Civ. App.–Amarillo 1930, no writ) (supplier sued 
for breach of contract to recover for sale of oil); City of Orange v. 
Moore, 246 S.W. 1099 (Tex. Civ. App.–Beaumont 1922, writ dism’d w.o.j.) 
(contractor sued for breach of construction contract); City of Van Alstyne v. 
Morrison, 33 Tex. Civ. App. 670, 77 S.W. 655 (Tex. Civ. App. 1903, no writ) 
(resident sued for breach of contract for termination of water 
supply).

[3] City of Carrollton v. McMahon Contracting, L.P., 
134 S.W.3d 925, 928 (Tex. App.–Dallas 2004) (holding that the Supreme Court of 
Texas had never construed “plead and implead” as an unambiguous waiver of 
immunity and therefore declining to apply Missouri Pacific), rev’d on 
other grounds, ___S.W.3d___, (Tex. 2006) (per curiam); City of Mesquite 
v. PKG Contracting, Inc., 148 S.W.3d 209 (Tex. App.–Dallas 2004), rev’d 
on other grounds, ___S.W.3d___, (Tex. 2006) (per curiam); Satterfield 
& Pontikes Constr., Inc. v. Irving Indep. Sch. Dist., 123 S.W.3d 63, 66 
(Tex. App.–Dallas 2003) (holding that “sue and be sued” was ambiguous at best 
and resolving the ambiguity in favor of retaining immunity), rev’d on other 
grounds, ___ S.W.3d ___ (Tex. 2006) (per curiam). The Court cites three 
courts of appeals that it says “have gone both ways” when confronted with the 
question of whether “sue and be sued” or “plead and be impleaded” in organic 
statutes waives immunity from suit. ___ S.W.3d ___, ___ n.64. However, each of 
the three decisions the Court claims conflicts with Missouri Pacific 
actually do not. The first involved a tort claim under the Texas Tort Claims 
Act, not a breach of contract claim. Jackson v. City of Galveston, 837 
S.W.2d 868, 869 (Tex. App–Houston [14th Dist.] 1992, pet. denied) (determining 
that Jackson’s bad faith cause of action against the City was barred as a matter 
of law). The second involved various tort claims associated with an alleged 
rape, with a breach of contract claim argued only in the alternative; the 
decision never cites Missouri Pacific. Townsend v. Mem’l Med. 
Ctr., 529 S.W.2d 264 (Tex. Civ. App.–Corpus Christi 1974, writ ref’d 
n.r.e.). That same court of appeals subsequently expressly followed Missouri 
Pacific. Engelman Irrigation Dist. v. Shields Bros., Inc., 960 S.W.2d 
343, 348 (Tex. App.–Corpus Christi 1997) (citing Missouri Pacific for the 
proposition that a “sue-and-be-sued” provision waived an irrigation district’s 
immunity from suit), pet. denied, 989 S.W.2d 360 (Tex. 1998) (per 
curiam). Finally, the First Court of Appeals concluded, not surprisingly, that 
explicit language preserving immunity in section 111.33 of the Education Code, 
inserted by the Legislature subsequent to the Missouri Pacific decision, 
indicated legislative intent to preserve immunity. Hirczy de Mino v. Univ. of 
Houston, No. 03-03-00311-CV, 2004 Tex. App. LEXIS 9045 (Tex.App.–Austin, 
Oct. 14, 2004, pet. denied). 

[4] See, e.g., United Water Servs., Inc. 
v. City of Houston, 137 S.W.3d 747, 751, 755 (Tex. App.–Houston [1st Dist.] 
2004, pet. filed) (stating the language “sue and be sued” constitutes “explicit 
waiver language” under Missouri Pacific and waives governmental immunity 
from suit); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 131 
S.W.3d 146, 154 (Tex. App.–San Antonio 2004, pet dism’d by agr.) (holding the 
Legislature “clearly and unambiguously waived immunity for community college 
districts” through the use of the language “sue and be sued”); City of 
Houston v. Clear Channel Outdoor, Inc.,161 S.W.3d 3, 7-8 (Tex. App.–Houston 
[14th Dist.] 2004) (either “sue and be sued” or “plead and be impleaded” waives 
sovereign immunity), rev’d, ___ S.W.3d ___ (Tex. 2006) (per curiam); 
Goerlitz v. City of Midland, 101 S.W.3d 573, 576-77 (Tex. App.–El Paso 2003, 
pet. filed) (city and state consented to suit by using the language “implead and 
be impleaded” in the City Charter and “sue and be sued” in section 51.075 of the 
Local Government Code, respectively); Welch v. Coca-Cola Enter., Inc., 36 
S.W.3d 532, 537-38 (Tex. App.–Tyler 2000, no pet.) (section 11.151(a) of the 
Education Code waived school district’s immunity from suit by providing a school 
district may “sue and be sued”); Bates v. Tex. State Technical Coll., 983 
S.W.2d 821, 827 (Tex. App.–Waco 1998, pet. denied) (Legislature waived immunity 
from suit by providing that "[t]he board may sue, and may be sued, in the name 
of the Texas State Technical College System” in section 135.55 of the Education 
Code); Engelman Irrigation Dist., 960 S.W.2d at 348 (Legislature 
provided “clear and unambiguous consent for the Irrigation District to be sued” 
by enacting statute which provided an irrigation district “may sue and be sued 
in the court of this state”); Avmanco, Inc. v. City of Grand Prairie, 835 
S.W.2d 160, 165 (Tex. App.–Fort Worth 1992, writ dism’d) (city had no immunity 
from suit because its charter provided the city “may sue and be sued” and 
section 51.075 of the Local Government Code provided municipalities may “plead 
and be impleaded”); Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 
594 (Tex. App.–Austin 1991, writ denied) (noting the “legislature has consented 
to suits against independent school districts” by providing they may “sue and be 
sued” in the Education Code); Barnhart v. Hidalgo County Water Improvement 
Dist. No. 4, 278 S.W. 499, 499-500 (Tex. Civ. App.–San Antonio 1925, writ 
ref’d) (holding statute providing irrigation districts may “sue and be sued” 
waived immunity from suit and allowed suit for damages for district’s failure to 
supply water to appellant to irrigate his crops).

[5] Act of Feb. 19, 1925, 39th Leg., R.S., ch. 5, § 46, 
1925 Tex. Gen. Laws 7, 21 (Tex. Rev. 
Civ. Stat. art. 8263h, § 46) (current version at Tex. Water Code § 62.078(a)) 
(navigation districts); see also infra app. 
A.